THE STATE OF FLORIDA, *Plaintiff in Error,* v. S. DAVIES WARFIELD, R. LANCASTER WILLIAMS AND E. C. DUNCAN, AS RECEIVERS OF THE SEABOARD AIR LINE RAILWAY, *Defendants in Error.*

An action at law was brought by the State to recover a penalty imposed by the Railroad Commissioners for the violation of the provisions of Section 2907, General Statutes of 1906, which requires that all contracts and agreements between any and all railroads, etc., as to use and transportation of cars, etc., shall be submitted to said Railroad Commissioners for inspection and correction that it may be ascertained as to whether or not they are reasonable and just and will insure prompt delivery of freight and passengers to points of destination, etc. The declaration alleges that the contract involved is one which does affect the public which is interested in the charges made for the use of cars, in the provisions for the speedy and prompt return of cars and the prompt delivery of freight, and alleges a compliance by the Railroad Commissioners with the provisions of the Statute: Held, That this declaration states a cause of action and is not subject to demurrer.

Writ of error to the Circuit Court for Orange County.

The facts in the case are stated in the opinion of the court.

*L. C. Massey,* for Plaintiff in Error;;

*Palmer* & *Robinson,* for Defendants in Error.

HOCKER, J.—In March 1909, the plaintiff in error filed the following declaration in the Circuit Court of Orange County, against the defendants in error, *viz*;

"The State of Florida, by Louis C. Massey, Special Counsel for the Railroad Commissioners of the said State, directed by them to sue in this behalf, sues S. Davies Warfield, R. Lancaster Williams and E. C. Duncan as Receivers of the Seaboard Air Line Railway in an action of debt:

For that the Seaboard Air Line Railway aforesaid is a railway company chartered under the laws of the State of Virginia, and owning divers lines of railway in the State of Florida which for several years prior to a certain day, to-wit, January 3, 1908, were operated by it, as a common carrier of goods for hire from points in this State to other points in this State and into Orange county aforesaid under the management and control of its officers and agents, and which since, to-wit, the date last named, have been so operated by the defendants as receivers of the said Seaboard Air Line Railway duly appointed as such by the Circuit Court of the United States for the Northern and the Southern Districts of Florida. And afterwards charges were made before the Railroad Commisisoners aforesaid, that the defendants as such Receivers had violated or disregarded the provisions of Section 2907 of the General Statutes of this State in that they had entered into a certain contract and agree-

ment, without submitting the same to the Railroad Commissioners aforesaid for inspection, correction and approval with the Atlantic Coast Line Railroad Company, the Georgia Southern & Florida Railway Company, and the Florida East Coast Railway Company and other railroad companies; all of the aforesaid railroad companies as well as the defendants as Receivers aforesaid doing business as such in transporting property from points within this State to other points within this State, that each railroad company should pay for the use of freight cars other than its own, the sum of fifty cents per day which should be paid for every calendar day; which said contract and agreement applied to the use of freight cars for transportation of property from points in this State to other points therein. And after ten days notice to the defendants, as Receivers aforesaid, of the said charges and of the time and place for hearing same, the defendants, as Receivers aforesaid, had an opportunity to be heard and were heard thereon, at the time and place fixed in said notice.

And afterwards, to-wit, on January 4, 1909, the said Railroad Commisioners by their certain order, to-wit, Order No. 255, adjudged that the defendants, as Receivers of the Seaboard Air Line Railway had been guilty of a violation of the provisions of Section 2907 of the General Statutes of this State as charged, and in accordance with law duly fixed and imposed a penalty upon the defendants as such Receivers, for such violation, in the sum of Two hundred and fifty dollars.

And the plaintiff alleges that the said contract and agreement is one in which the public in this State is interested, because a contract and agreement of this nature

and description, if it provides for a proper rate of charge for the use of freight cars of other railroad companies and contains adequate provisions to secure its own enforcement, tends not only to promote the more speedy and prompt return of cars used in the transportation of freight wholly within this State, to the railroad companies to which they belong, but also to insure more prompt delivery of freight originating at points in this State to points of destination therein, by inducing such railroad companies to deliver their loaded freight cars to other and connecting lines of railway.

And the plaintiff further alleges that by reason of the premises and acording to the form of the statute in such case made and provided, the defendants, as Receivers aforesaid, became indebted to the plaintiff in the sum of Two hundred and fifty dollars with interest thereon from the date of said order at the rate of eight per cent per annum; yet the defendants have not paid the same nor any part thereof.

And the plaintiff claims $500.00.

LOUIS C. MASSEY,
·Attorney for Plaintiff."

The defendants demurred to this declaration on twelve alleged grounds, the substance of which is that the declaration does not show the alleged contract as to the use and transportation of cars was one that related to the use and trasportation of freight cars by or for the pubilc, or by or for the persons shipping freight, or to whom freight was consigned within the meaning of Section 2907 General Statutes of 1906, and that the declaration does not show that the contract is one that relates only to the use by one railroad company of the freight cars of another railroad company, and that the contract does

not affect the public in any manner as shippers or con-signees of freight, or as patrons of railroad companies. It is further stated as the ninth ground that section 2907 makes the alleged contract void, and the Railroad Commisioners are therefore without power to impose a penalty for the making of a contract with another rail-road company for the use and transportation of cars with-out submitting the same to the Commission.

The tenth ground is that section 2907 General Statutes of 1906, does not apply to defendants as Receivers of the Seaboard Air Line Railway duly appointed by the Cir-cuit Court of the United States for the Southern and Northern Districts of Florida; the other grounds are general. The demurrer was sustained by the Circuit Judge and the plaintiff given leave to amend the declara-tion. The plaintiff declined to amend, and judgment was entered for the defendants. The State brings the case here on writ of error.

Section 2907 General Statutes of 1906, the construction of which is here involved, is as follows:

"All contracts and agreements between any and all railroads, railroad companies and common carriers doing business in this State, as to rates of freight and passen-ger tariffs, use and transportation of cars, shall be sub-mitted to said Railroad Commissioners for inspection and correction, that it may be ascertained as to whether or not they are reasonable and just and will insure prompt delivery of freight and passengers to points of destination, or the violation of any section of this chap-ter, and said commissioners shall have power to revise and correct the same and to make such rules and regula-tions in accordance therewith as they may deem neces sary, which said rules and regulations shall be observed

and obeyed by said railroad, railroad companies and common carriers as other rules and regulations of this chapter; and any such agreement not approved by said com missioners shall be deemed illegal and void."

Section 2908 General Statutes of 1906, authorizes the imposition of penalties for the violation or disregard by a common carrier of the provisions of the chapter of which the former section is a part.

To maintain the judgment below it is contended here that the section under consideration (2907) was not intended to apply to every posible kind of contract between carriers for the use and transportation of cars, "but only such contracts as affect the public; and further, that the declaration does not set forth the contract so that its nature and effect may be known, and it may be determined whether it is one inhibited by the statute. So far as we can discover from the brief of defendants in error, these are their contentions. No authorities are cited to sustain these views, but the general principles of pleading are relied on.

It will be observed, that the section of the statute under consideration embraces *all* contracts between common carriers for the use and transportation of cars. It will be assumed that the legislature considered that the public were in some way interested in all such contracts. No exception is hinted at except possibly that it is implied that such contracts must in some way affect the delivery of freight and passengers. The brief does not give us a concrete example of a contract which would not come within the terms of the statute. The declaration alleges that the contract which was made by the several carriers is one which does affect the public, as it is interested in the charges made for the use of cars in the provisions for

the speedy and prompt return of cars, and in the prompt delivery of freight between connecting lines. The demurrer admits these propositions. No other questions are mentioned in the brief, nor other argument made to sustain the ruling below. There is some contention that the declaration is ambiguous, but were it so, such a defect is not reached by demurrer. It seems to us that the declaration states a cause of action; and that the demurrer should not have been sustained.

The judgment below is reversed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.