THE STATE OF FLORIDA, *ex rel.* M. T. SWIFT, *Plaintiff in Error*, v. R. M. DILLON, CHIEF OF POLICE OF THE CITY OF MIAMI, FLORIDA, *Defendant in Error*.

## Opinion filed May 31, 1918.

1. By its Charter the City of Miami has power by ordinance to impose license taxes upon "privileges, business, occupations and professions carried on and engaged in within the city limits" and such license taxes are not controlled by the general license statutes as to amounts.

2. The writ of *habeas corpus* cannot be used as a substitute for a writ of error.

3. The question of whether or not such an emergency exists as to warrant the governing body of a municipality in giving immediate effect to an ordinance, declared to be necessary for the preservation of the public peace and safety under authority of a valid charter provision, rests in the judgment and discretion of such body.

Writ of Error to Circuit Court for Dade County. H. Pierre Branning, Judge.

Judgment affirmed.

*Shutts, Smith & Bowen*, for Plaintiff in Error;

*Hudson, Wolfe & Cason*, for Defendant in Error.

WEST, J.—This case comes here upon writ of error to the judgment of the Circuit Court of Dade County remanding the plaintiff in error, upon *habeas corpus*, to the custody of the defendant in error as chief of police of the City of Miami.

Swift was charged, tried and convicted in the municipal court of the City of Miami of having violated an

ordinance of said city, which imposed an annual license tax of ten ($10.00) dollars upon "Land Agents or real estate brokers, each principal and salesman." The affidavit upon which he was tried, which is made a part of the petition, charges him with "doing business as a real estate agent." The ordinance is alleged in the petition for the writ, to be void and unenforceable upon various grounds not necessary to be enumrated here.

The return to the writ issued pursuant to the prayer of the petition is as follows:

"In obedience to the foregoing writ, I hereby produce before your Honor the body of said M. T. Swift, and I do report and return to your honor that I hold the said M. T. Swift in my custody by virtue of a commitment issued by the Municipal Court of the City of Miami, following a trial of the said M. T. Swift on a plea of not guilty which trial was had upon the affidavit attached to the petition herein, and which trial resulted in the conviction of said M. T. Swift, and his being sentenced by the Judge of said Court to pay a fine of Ten Dollars or be imprisoned 20 days in default of the payment of such fine, which said fine being not paid, the said M. T. Swift was committed to my custody as Chief of Police of the City of Miami, and that the said custody of the said M. T .Swift by me is by reason of the said premises and not otherwise."

The errors assigned are, (1) that the court erred in refusing to release the prisoner upon motion for his release, (2) that the court erred in refusing to allow the petitioner to testify upon the hearing and (3) that the court erred in remanding the petitioner to the custody of the chief of police.

By its Charter, Chapter 7196 Laws of Florida, Section 25, the city is given power to pass and adopt ordinances

"to license privileges, business, occupations and professions carried on and engaged in within the city limits, and the amounts of such licenses and the amounts of such license taxes shall be fixed by city ordinance, which amounts of said taxes shall not be dependent upon a general State revenue law."

It is contended here that the power conferred upon the city by this charter provision is to license the business or occupation and not the individual engaged in the business or occupation, and that therefore the conviction and imprisonment of the plaintiff in error upon a charge of "doing business as a real estate agent" was unauthorized. This is a refinement of construction that we cannot accept as sound. It may be that the license tax here complained of is imposed upon the business or occupation, but such ordinances are made effectual by providing that the person or persons who carry on such business or engage in such occupation without first paying the license tax imposed thereon shall suffer the penalties therein prescribed.

This ordinance is also alleged by plaintiff in error to be invalid and unenforceable because it imposes a license tax in excess of 50 per cent. of the license tax imposed upon land agents by Chapter 6421, Acts of 1913, Laws of Florida, contrary to the provisions of said act. It appears from the provision of the Charter quoted above that the amounts of the license taxes imposed by the city shall not be dependent upon a general State law. The former Charter of the city contained a similar provision (Sec. 20, Chap. 5823, Acts of 1907, Laws of Florida) and this court in the case of Hardee v. Brown, 56 Fla. 377, 47 South. Rep. 834, held that this Charter provision gave to the City of Miami power by ordinance to impose license taxes upon businesses and

occupations and that such license taxes are not controlled as to amount by the general law on the subject. This decision is decisive on this question.

It is urged that the court erred in not permitting the plaintiff in error to introduce evidence at the hearing for the purpose of showing that he was not within the class upon which the license tax complained of was imposed. It appears from the return to the writ that he was convicted upon a trial upon the merits of the case in the municipal court, in which this question was necessarily presented. If eror was committed in excluding evidence at the trial on the charge, it should be reviewed by writ of error. Such errors, if any, cannot be cured by the introduction of evidence in *habeas corpus* proceedings. It is well settled that *habeas corpus* cannot be made to take the place of a writ of error. Hardee v. Brown, *supra;* Ex Parte Clarkson, 72 Fla. 220, 72 South. Rep. 675; Mooneyham v. Bowles, 72 Fla. 259, 72 South. Rep. 931; Pounds v. Darling, decided at this term.

It is also urged that the ordinance is not valid because it is not such an emergency measure as is authorized by the Charter of the city to be read three times and adopted at one session and given immediate effect. The ordinance provides for and regulates the registration of persons, firms and corporations who may engage in any business, profession or occupation in the city therein enumerated, fixes and prescribes the amounts of license taxes imposed, regulates the carrying on of business under such licenses, and provides penalties for the violation of the ordinance. It was declared by the City Council to be necessary for the preservation of the public peace and safety, and by its terms went into effect immediately upon its passage and approval by the mayor.

This we think is a sufficient compliance with the Charter provision on the subject. The ordinance is presumptively valid, (Dillon on Municipal Corporations (5th ed.) Sec. 649; McQuillin on Municipal Corporations, Sec. 794; People v. Grand Trunk W. R. Co., 232 Ill. 292, 83 N. E. Rep. 839; Norfolk, P. & N. N. Co. v. City of Norfolk, 105, Va. 139, 52 S. E. Rep. 851), and the question of whether or not such emergency exists as to warrant its being made immediately effective rests in the judgment and discretion of the City Council. 36 Cyc. 1193; Oklahoma City v. Shields, 22 Okla. 265, 100 Pac. Rep. 559; Day Land & Cattle Co. v. State, 67 Tex. 526, 4 S. W. Rep. 865; State ex rel. Lavin v. Bacon, 14 S. D. 394, 85 N. W. Rep. 605. Besides, it appears from the petition for the writ that the ordinance complained of was adopted September 24th, 1917, whereas the prosecution of plaintiff in error for its violation did not occur until February 21st, 1918, at which time the ordinance would have been in full force if the emergency clause giving it immediate effect were eliminated.

There is no error in the judgment appealed from and it is therefore affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.