THE METROPOLIS PUBLISHING COMPANY, a Florida Corporation, *Appellant*, v. CITY OF MIAMI, FLORIDA, a Municipal Corporation; its Mayor, C. H. REEDER, and its BOARD OF COMMISSIONERS, to-wit, C. H. REEDER, R. B. GAUTIER, J. C. KNIGHT, J. E. LUMMUS and E. G. SEWELL; P. & O. STEAMSHIP COMPANY, a Corporation, and FLORIDA EAST COAST RAILWAY COMPANY, a Florida Corporation, *Appellees*.

Division B.

Opinion filed September 11, 1930.

*Frank Smathers* and *Wm. Pepper, Jr.,* for Appellant;

*Robt. H. Anderson, Loftin, Stokes & Calkins* and *J. W. Watson, Jr.,* for Appellees.

BUFORD, J.—The appeal in this case is from an order sustaining general demurrer to complainant's bill of complaint and dismissing the bill.

The bill of complaint sought to enjoin the City of Miami from issuing a building permit for the erection of a gasoline station on property on Biscayne Boulevard diagonally opposite to appellant's building. The bill of complaint shows that the complainant was the owner of a substantial and beautiful building costing approximately One Million Dollars on Biscayne Boulevard between Sixth and Seventh Streets. Shortly after the erection of complainant's building the City announced a plan to widen and beautify Biscayne Boulevard and to pattern it somewhat after Michigan Boulevard in Chicago and to dedicate it to high class buildings and residences exclusively and to keep away all unattractive objects and buildings. That in furtherance of this plan many of the property owners on the Boulevard donated property and co-operated toward effectuating the city's program.

It is further alleged that the City Commission on December 31st passed a Resolution, the purpose of which was to forever bar the erection or construction of any gasoline station or stations along Biscayne Boulevard and that thereafter the City uniformly refused to permit any filling stations to be erected in violation of this Resolution. It is further alleged that this program continued until December 16th, 1929, when the City Commission granted a permit to the Florida East Coast Railway Company to erect a gasoline filling station directly or diagonally across the street from the complainant's building on the Boulevard.

It is alleged that when this permit was granted certain remonstrances were made and the issuance of the permit was thereupon held up until January 27th, 1930, when

the City Commission passed an ordinance affirming the Resolution of December 31st, 1928, insofar as the Boulevard as a whole was concerned, but that the ordinance provided that the Commission should have power to grant permits by Resolution upon the applicant showing to the satisfaction of the Commission that the filling station would not unduly increase hazards of fire or explosion, or unduly interfere with vehicles or pedestrians' traffic, or be against the public safety, convenience and welfare. That Sec. 5, of the ordinance declared it to be an emergency measure on the ground of urgent public need and provided that it should go into effect at once. That the commission, on the same date that the ordinance was adopted, granted a permit to the defendants to erect a gasoline station at the place described in the bill.

The bill charges unjust discrimination in the granting of the permit. The bill prayed for injunction. At the hearing demurrers were introduced by the defendants. The Resolution and Ordinance and some other measures, some of which appear to be relevant and others irrelevant to the question, were presented to the Court. The Court denied the prayers of the bill. Motion for rehearing was made and, thereupon, the former ruling of the Court was reaffirmed.

No authority is shown authorizing the City Commission to zone by Resolution and, therefore, the Resolution was ineffective. See State ex rel. Helseth et al. v. DuBose et al. opinion filed April 21, 1930, reported in 128 So. R. 4.

If the ordinance here under consideration was in fact an emergency measure, it, therefore, became effective because of the provision of the Charter in reference to emergency ordinances. See State ex rel. Pennington v. Quigg, 94 Fla. 1056, 114 So. R. 859, and cases there cited. If it is not an emergency measure, it is invalid and neither

takes away nor adds to the power of the City Commission to grant the permit complained of. So it becomes immaterial whether the ordinance was in fact an emergency measure or not. Whether such ordinance is an emergency measure or not is a question which rests in the judgment and discretion of the City Commission. See State ex rel. Swift v. Dillon, 75 Fla. 785, 79 So. R. 29.

In Rickman v. Whitehurst et al., 73 Fla. 152, 74 So. R. 205, this Court say:

"To entitle anyone to relief against real or imaginary evils or injuries which are supposed to flow from unauthorized acts of public·officials, he must bring his case under some acknowledged head of equity jurisdiction and show what special injury he will sustain from such unauthorized acts distinct from that suffered by every other inhabitant."

It appears that the appellant in the instant case failed to allege in its bill of complaint such facts as would show it to be entitled to the relief prayed, or that showed the complainant to have such an interest in the subject matter as would entitle it to maintain a bill for injunction.

We find no reversible error disclosed by the record. Therefore, the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J., and STRUM, J., concur.

TERRELL, C. J., concurs in the opinion and judgment.