HERMAN F. MURWAY, Plaintiff, *v.* JOHN P. O'BRIEN, JOSEPH V. McKEE, CHARLES W. BERRY, Individually and as Comptroller of the City of New York, and GEORGE U. HARVEY, Defendants.

Supreme Court, Special Term, New York County, February 15, 1934.

*James E. Finegan,* for the plaintiff.

*Paul Windels, Corporation Counscl* [*William E. C. Mayer* and *Russell Lord Tarbox* of counsel], for the defendants Charles W. Berry and George U. Harvey.

*Medina & Sherpick* [*Eugene A. Sherpick* of counsel], for the defendant Joseph V. McKee.

VALENTE, J. This action is brought by a taxpayer of the city of New York to recover increases of salary voted to the defendants pursuant to Local Laws 19, 20, 21 and 22 of the Local Laws of 1929. The defendants, outside of John P. O'Brien, against whom the action has been discontinued, were, respectively, president of the board of aldermen, comptroller and president of the borough of

Queens, and beneficiaries of the salary increases voted by the municipal assembly. The ground of the action is that the local laws pursuant to which the increases were paid were not duly passed, in that they were not printed and upon the desks of the municipal assembly at least seven calendar days prior to their final passage. It is conceded that they were passed pursuant to an emergency message of the mayor, which would dispense with the technical formalities mentioned. On the other hand, it is urged that this emergency message was fraudulent and collusive and, therefore, of no effect.

Defendants deny the allegations of illegality and fraud, and plaintiff now moves for summary judgment, while defendants counter with a motion for judgment on the pleadings.

There are no questions of fact involved, the allegations of unlawfulness and fraud being mere conclusions, unless they are consequences arising from the attack upon the motives of the mayor in sending the emergency message. If the mayor's action in sending an emergency message is beyond review by the courts, the action must fall.

The City Home Rule Law, by authority of which the salaries were increased, provides as follows (§ 13): "No such local law shall be passed until it shall have been in its final form and upon the desks of the members at least seven calendar days, exclusive of Sunday, prior to its final passage, unless the mayor shall have certified as to the necessity for its immediate passage and such local law be passed by the affirmative vote of two-thirds of the voting power of the local legislative body, or if there be two branches, of each branch thereof." The local laws in question were passed by the board of aldermen, which is one branch of the municipal assembly, pursuant to an emergency message by the mayor — which under the letter of the law dispensed with the necessity of their lying upon the desks of the members at least seven calendar days — and then passed by the board of estimate and apportionment, which is the other branch of the local legislative body.

The sole question then is whether the motives of the mayor in sending the emergency message may be made the subject of judicial review. The statement as to the powers of the mayor to certify the existence of an emergency in such a case is parallel with a like power granted by the Constitution (Art. III, § 15) to the Governor. There it is provided that the necessity for the lapse of a certain number of legislative days prior to the final passage of a bill may be dispensed with if "the Governor, or the Acting Governor, shall have certified to the necessity of its immediate passage, under his hand and the seal of the State." The expression "necessity of its

immediate passage " is a phrase equivalent to the word " emergency " as frequently used in such situations, and the message of the Governor is frequently referred to as an emergency message. There are no decisions in this State which bear upon the question of the finality of the Governor's statement of the existence of an emergency.

If it is determined that the Governor's judgment is not subject to review, the same conclusion would have to be reached as to the mayor's power in that respect. It would seem, on principle, that the mayor's emergency message as one of the steps in the process of enactment of legislation is not subject to challenge by reason of unworthy motives which may have actuated him, any more than the legality of the passage of a law by the Legislature may be questioned because some of the supporters of the measure might have been actuated by venal motives. (*Blanshard* v. *City of New York*, 262 N. Y. 5.) Support for this view is found in the decisions of most of the jurisdictions in which this question has arisen. (*Shields* v. *City of Loveland*, 74 Col. 27; 218 P. 913; *Kadderly* v. *City of Portland*, 44 Ore. 118; 74 P. 710; *State ex rel. Swift* v. *Dillon*, 75 Fla. 785; 79 So. 29; *Gentile* v. *State*, 29 Ind. 409; *Day Land & Cattle Co.* v. *State*, 68 Tex. 526; 4 S. W. 865; *Oklahoma City* v. *Shields*, 22 Okla. 265; 100 P. 559; *Arkansas Tax Commission* v. *Moore*, 103 Ark. 48; 145 S. W. 199; *City of Roanoke* v. *Elliott*, 123 Va. 393; 96 S. E. 819.) There are a few jurisdictions which seem to dissent from this view, but an examination of the cases will show that they involve largely the question of the advisability of dispensing with the popular referendum by reason of the existence of an emergency. In one of those cases (*Payne* v. *Graham*, 118 Me. 251; 107 A. 709) the declaration of the emergency was held ineffective because the constitutional form for stating its existence in the bill was not followed. In that case the court said: " Questions of public policy, such as the justice, expediency, necessity or urgency (immediate necessity) of laws are for final legislative determination. But the control by the Legislature of even these questions may be qualified by express constitutional limitation."

The court continues to say that the Constitution requires that the emergency " ' with the facts constituting the emergency shall be expressed in the preamble of the act.' " Because these facts were not set forth the court held that the Constitution had not been followed. If they had, it is a clear inference from the language of the opinion that the truth of these facts could not have been made the subject of judicial review. But neither the Constitution of this State nor the City Home Rule Law requires the facts constituting the emergency to be set forth either in the message or in the law.

It follows from what has been said that the motive of the mayor in sending a message declaring the necessity for immediate passage cannot be questioned in the courts. There only remains one question raised which applies to Local Law 21 increasing the salary of the president of the board of aldermen. The title to that act referred merely to an increase in the salary of the president of the board of aldermen, while the body of the act also states that the salaries of the other aldermen were being increased. Since the City Home Rule Law requires the title to refer to the subject-matter and every local law to embrace only one subject (City Home Rule Law, § 13), it is contended that the local law is illegal because its title does not cover both subjects of the law. The fact is that the salaries of the aldermen were not increased by this bill, and the statement in the local law was a mere reaffirmation of an existing fact.

But even if this should not be so the same principles of construction can be adopted here as in the interpretation of article III, section 16, of the Constitution. That section provides that no private or local bill may be passed by the Legislature which embraces more than one subject and that the subject shall be expressed in the title. Nevertheless, the constitutional provision has been held to sustain severable sections of the law which are fully described by the title even though the parts not so described were held improperly passed. (*Matter of Sackett*, 74 N. Y. 95; *Bohmer* v. *Haffen*, 161 id. 390; *Matter of New York & Long Island Bridge Co.*, 148 id. 540, 546.) In the last-cited case the court said: " The general principle of construction is well settled that where an act deals with a subject not expressed in its title, and the void provisions are separable from those that are lawful, and that which remains is capable of being executed, and stands complete in itself, it may be treated as constitutional."

The motion for summary judgment is denied. As the complaint does not state a cause of action the motion for judgment on the pleadings is granted. Settle order.