S. W. VOORHEES, Appellant, v. THE CITY OF MIAMI, *et al.,* Appellees.

199 So. 313

En. Banc

· Opinion Filed December 20, 1940

*Jack Moore.* for Appellant;

*Lewis Twyman, J. W. Watson, Jr.,* and *William W. Charles,* for Appellees.

CHAPMAN, J.—On December 6, 1939, the City of Miami enacted Ordinance No. 2230, which provided for retirement allowances and death benefits on account of employees of

the City of Miami. The ordinance classifies all the employees of the City of Miami into five separate and distinct groups, viz.: (1) General men employees, exclusive of uniformed members of police and fire departments; (2) General women employees; (3) General police and firemen; (4) Special women employees; (5) Special policemen and firemen. When membership to either of the five groups has been declared, an assignment cannot be made to another group. The administration of the ordinance provision is lodged in a board consisting of seven members, viz.: (a) City manager; (b) City director of finance; (c) two members to be elected by the city commission; and (d) two members of the Civil Service Board of the City of Miami. The board, by ordinance, is granted power to promulgate reasonable rules and regulations necessary to the administration of the provisions of the ordinance.

Any employee of the City of Miami can or may obtain membership in the retirement allowance and death benefits provided for by the ordinance. The retirement board is required to issue a service certificate to each employee which sets forth the length of service rendered to the city, and the certificate shall be conclusive for retirement purposes as to such service. The retirement board is required to issue to members a certificate of service when eligible to retire. The city attorney is made legal advisor of the board, and power is granted to set up a medical board and employ an actuary.

The retirement allowance and death benefit system provided for by the ordinance is financed by contributions deducted from the salaries or wages of the members assigned to groups 1, 2, 3, 4 and 5, and moneys raised by taxation on real and personal property within the city of Miami not to exceed two mills on the dollar, and from gifts, devises

and bequests of money or property for the benefit of the respective funds enumerated in the ordinance.

The record shows that a levy was made for the benefit of all the employees of the City of Miami under Chapter 18689, Special Acts of 1937, Laws of Florida, against the real and personal property of the City of Miami. It is not necessary to recite other important features of the ordinance for the purpose of disposing of the case at bar. The charter power of the ordinance here challenged is Chapter 18689, Special Acts of 1937, Laws of Florida.

This case originated in the Circuit Court of Dade County, Florida, and was brought by a taxpayer of the City of Miami, who is an employee in the department of public safety, division of fire, of said city, and had been an employee for more than fourteen years. It is a class suit in behalf of those persons similarly affected, and it was contended that Chapter 15338, Special Acts of 1931, Laws of Florida, creates a pension system for members of the police and fire departments of the City of Miami, which contains a provision mandatorily requiring the members of the police and fire departments to be members of the retirement system and which provided for a deduction of 2 per cent of the salaries or wages of the policemen and firemen, coupled with a small assessment on the valuation of real and personal property of the City of Miami, and from those sources a fund was created and established under Chapter 15338, *supra,* and the fund was in existence and a membership of some four or five hundred policemen and firemen was entitled to participate in said fund so created.

The bill of complaint sought to restrain the City of Miami from receiving moneys to be placed in the fund of the retirement allowance and death benefit system under the provisions of Chapter 19112, Acts of 1939, Laws of

Florida, and restraining the defendant from invoking the provisions of Subsection 4 of Section 3 of the ordinance requiring an election of the policemen and firemen prior to January 1, 1941, in order to be included in Group 5 of the retirement allowance and death benefit system, and for an accounting by the city for pension levies for the tax years 1937, 1938 and 1939, and that the proceeds of these levies be paid into the police and firemen's pension fund created under the provisions of Chapter 15338, Acts of 1931, and not placed to the credit of the funds enumerated in the retirement allowance and death benefit system.

The lower court denied the injunction or temporary restraining order and sustained a motion to dismiss the bill of complaint for want of equity, and an appeal has been perfected therefrom to this Court.

It is here contended that Ordinance No. 2230, enacted as an emergency ordinance by the City of Miami on December 6, 1939, creating or establishing the retirement allowance and death benefit system, was illegal and void for the reasons, viz.: (a) the city commission was without authority to require compulsory contributions from the employees to the pension fund; (b) the ordinance was invalid in that it provided for pensions and annuities instead of pensions; (c) the authority to promulgate rules and regulations by the retirement board is a delegated power and void; (d) Chapter 18689, Special Acts of 1937, Laws of Florida, did not repeal Chapter 15338, Special Acts of 1931, Laws of Florida; (e) the police and firemen's pension fund established by Chapter 15338, *supra*, as a matter of law, should have been augmented by funds arising from tax levies for the years 1937, 1938, and 1939, and moneys received from insurance assessments under the provisions of Chapter 19112, Acts of 1939.

We hardly think it necessary for a decision of this case to decide the several questions posed in the briefs. The Legislature of Florida, under Section 8 of Article VIII of the Constitution of Florida, is granted the power to establish and to abolish municipalities, to provide for their government, to prescribe their jurisdiction and powers, and to alter or amend the same at any time. It is under this provision of our fundamental law that the Legislature enacted Chapter 18689, Special Acts of 1937. In the case of State *ex rel.* Holton v. City of Tampa, 119 Fla. 556, 159 So. 292, 98 A. L. R. 501, the Court had before it an Act creating a pension fund for firemen of the City of Tampa, and, in sustaining the Act, in part said:

"It is undoubtedly true that the establishment of a pension system for municipal officers and employees whereby after serving a certain number of years, or upon disability from injuries received in the course of their duties, they are to be retired from active service and paid a certain proportion of their salaries for the remainder of their lives, is a valid disposition of public funds when duly authorized by statute, and that the rights of a person in such a pension fund, even though he contributes to its maintenance, are not such as will prevent the Legislature from repealing or amending the statute, merely because the officer or employee has contributed to the fund so long as the fund existed and the law stood unrepealed. The foregoing rule is amply supported by authorities of which we approve. Anders v. Nicholson, 111 Fla. 849, 150 Sou. Rep. 639; Pennie v. Reis, 80 Cal. 266, 22 Pac. Rep. 176, 132 U. S. 464, 10 Sup. Ct. Rep. 149, 33 L. Ed. 426; People *ex rel.* Donovan v. Retirement Board, 326 Ill. 579, 158 N. E. Rep. 220, 54 A. L. R. 940, and extended note giving cases; 21 R. C. L. 243; 48 C. J. 786; People v. Hanson, 330 Ill. 79 161 N. E. Rep. 145;

Turner v. Passaic Pension Com'rs., 112 N. J. 476, 163 Atl. Rep. 282; Kavanagh v. Board of Police Pension Fund Com'rs., 134 Cal. 50, 66 Pac. Rep. 36; Aitken v. Roche, 48 Cal. App. 753, 192 Pac. Rep. 464; Macfarland v. Bieber, 32 App. Cases (D. C.) 513." See Annotations 98 A. L. R. 505-508; Annotations 112 A. L. R. 1009-1012.

The rule promulgated by this Court in the case of State *ex rel.* Holton v. City of Tampa, *supra,* is in line with the weight of authority in McQuillin on Municipal Corporations (2nd Ed.), Revised Vol. 2, par. 529, pages 271-275, viz.:

"529 (511). Retirement and Pensions.—Laws exist providing that under named conditions certain classes of officers and employees may be retired and obtain designated sums from time to time from the public treasury in the form of a pension. Such laws contemplate meritorious service for a considerable time which is often specified, and also, a named age limit. Such benefits are being gradually extended. Laws so providing are sustained as valid and constitutional, on the ground that pensions are in the nature of compensation for services previously rendered and for which pay was withheld to induce long-continued and faithful service. Pensions are not regarded in the nature of increased compensation to public servants, as forbidden by the Constitution, nor do they involve a 'gift' of the city's money, as prohibited by the Constitution.

"Pensions may be provided for by statutory enactments of the Legislature, or the Legislature may vest in the municipality authority to provide for and arrange the payment of pensions. While a city has no implied power to provide a pension fund, the allowance of pensions may be validated by a subsequent statute. Local regulations cannot vary statutory provisions.

"A pension has been distinguished from an annuity on the ground that the former is a payment derived from an appropriation made by the city while the latter is a payment from contributions made by the employee to a fund of which he is a member. Nevertheless, such a fund is frequently referred to as a pension fund and payments therefrom as pensions. It can well be understood that the origin of the sum from which the payments are made may determine the rights of the employee in many circumstances, and a great deal of the apparent conflict in the opinions disappears when considered in the light of such distinction. On the other hand, frequent failure of the courts to use any distinguishing terminology has undoubtedly resulted in conflicting opinions. Frequently, for instance, it has been held that where one reënters the public service or holds another public office, his pension payments are suspended during such time, and forfeited. This seems to have been applied even where the payments are from a fund to which the employee contributed. However, in New York the distinction has been made that where payment of retirement allowance is suspended while the beneficiary holds another office under city or State, payments accruing on his pension are forfeited but payments accruing on his annuity are not. . . ." See McQuillin on Municipal Corporations (2nd Ed.), 1934 Cumulative Supplement, Section 530, pages 175-176; United States v. Hall, 98 U. S. 343, 25 L. Ed. 180; Pennie v. Reis, 132 U. S. 464, 10 Sup. Ct. 149, 33 L. Ed. 426; Lynch v. United States, 292 U. S. 571, 54 Sup. Ct. 840, 78 L. Ed. 1434, and cases cited; Dodge v. Board of Education, 302 U. S. 74, 58 Sup. Ct. 98, 82 L. Ed. 57.

We therefore hold that plenary power existed in the Legislature authorizing the enactment of Chapter 18689, Acts of 1937.

We have carefully and closely examined the authorities cited by counsel for appellant, viz.: State *ex rel.* Jennison v. Rogers, 87 Minn. 130, 91 N. W. 430, 58 L. R. A. 663; Frisbee v. O'Connor, 119 Cal. App. 601, 7 Pac. (2nd) 316; Fessier v. Campbell, 2 Cal. (2nd) 638, 42 Pac. (2nd) 1020; Duncan v. Graham (Md.) 142 Atl. 593; 19 R. C. L., par. 33, pages 726-728.

If Chapter 18689, Special Acts of 1937, repealed Chapter 15338, Special Acts of 1931, which created and established a pension system for members of the police and fire departments of the city of Miami, then the contention that an accounting as prayed for of the moneys paid by the taxpayers of said city and collected for the years 1937, 1938, and 1939, is without merit and meaningless; likewise an accounting for the moneys received by the City of Miami from insurance assessments under the provisions of Chapter 19112, Acts of 1939, Laws of Florida. Other material questions for a decision here relate to the invalidity of the ordinance questioned.

Chapter 15338, Special Acts of 1931, created and established for members of the police and fire departments of the City of Miami a pension and retirement fund. The method of financing was outlined with pertinent features meticulously detailed: While Chapter 18689, Special Acts of 1937, granting identical and additional powers to the City of Miami so as to render the same applicable to "persons in the classified and unclassified service of the city," Section 3 further provided "that, until the Commission of the City of Miami shall establish a fund or funds for the relief of or pensions for persons in the classified and unclassified service of the city as provided for in the Act, (then) the existing laws and existing funds for the relief

or pensions of persons employed by the City of Miami shall continue in full force and effect."

Ostensibly it was the intention of the Legislature in the enactment of Chapter 18689, Special Acts of 1937, that from and after the date or occasion that the City Commission of the City of Miami should establish a fund or funds for the relief or pensions of persons in the classified and unclassified service of said city, the then existing laws and existing funds for the relief or pensions of persons should continue and remain in force and effect. While Section 3 failed or omitted to refer to then existing laws and existing funds for the relief of such city employees as Chapter 15338, it must be admitted that no other Act was contemplated by the Legislature.

It is not disputed that the Ordinance No. 2230, enacted December 6, 1939, created a fund or funds for the relief or pensions of the employees and that the ordinance created or established the groups of classified and unclassified employees in the service of the city. The lower court took evidence on application for a restraining order and held that the conditions and contingencies enumerated and set out in Section 3 of Chapter 18689 has been fully met and discharged by the city commission when the aforesaid ordinance was enacted and as a result thereof Chapter 15338 had been repealed and was null and void. The testimony justifies such a conclusion by the chancellor.

The language of the statute here involved is clear that the Legislature intended that Chapter 15338 should become null and void when the provisions of Chapter 18689 had been complied with by the City Commission of Miami. It is the duty of the Court to give effect to the plain and unambiguous language of a statute and this we are doing in holding that Chapter 15338 became ineffective and in-

operative after the enactment of Ordinance No. 2230 by the City Commission of the City of Miami under the provisions of Chapter 18689. See Osborne v. Simpson, 94 Fla. 793, 114 So. 543, Board of County Com'rs. v. State *ex rel.* Moore, 96 Fla. 495, 118 So. 313; Douglass, Inc., v. McRainey, 102 Fla. 1141, 137 So. 157.

It cannot be overlooked that members of the police and fire departments are eligible to membership in either Group 3 or Group 5 enumerated in the ordinance. The contention that the amount deducted from the salaries of those classified in these groups is high and excessive is not a legal question presented to this Court, but is one of wisdom and judgment to be exercised by the City Commission of Miami. The field of legislation covered by the ordinance and its charter provisions embraces all of the employees of the City, while Chapter 15338 provides only for members of the police and fire departments. It was manifestly the intention of the Legislature to repeal this Act, and the repeal, impliedly, became effective and operative after the enactment of the aforesaid ordinance and the creation of the different funds and the employees were duly classified. In Beasley v. Coleman, 136 Fla. 393, 180 So. 625, this Court said:

"It is well established in this jurisdiction that in order that a court may declare that one statute impliedly repeals another, it must appear that there is a positive repugnancy between the two, or that the last was clearly intended to prescribe the only rule which should govern the case provided for, or that it revises the subject matter of the former. Sanders v. Howell, 73 Fla. 563, 74 So. 802; Dade County v. City of Miami, 77 Fla. 786, 82 So. 354; City of St. Petersburg v. Pinellas County Power Co., 87 Fla. 315, 100 So. 509."

The Legislature had the power in the enactment of

Chapter 18689, Special Acts of 1937, to prescribe in the Act the time or occasion when the provisions thereof should become effective. The effective date was to be at such a time or occasion when the City of Miami, acting through its Commission, should enact an ordinance and establish funds for the relief or pensions of persons in the classified and unclassified service of said city. This was accomplished by the city commission on December 6, 1939, by the enactment of Ordinance No. 2230.

The Legislature may enact a statute complete in itself and provide therein that said statute shall go into effect on the happening of a contingency, such as an affirmative vote, and an election provided for in the Act. See City of Winter Haven v. State *ex rel.* Landis, 125 Fla. 392, 170 So. 100; Olds v. State, 101 Fla. 218, 133 So. 641; Nabb v. Andreu, 89 Fla. 414, 104 So. 591; Neisel v. Moran, 80 Fla. 98, 85 So. 346, 359; State v. Sammons, 63 Fla. 303, 57 So. 196. We therefore hold that the Commission of the City of Miami, on December 6, 1939, by the enactment of Ordinance 2230, under the provisions of Chapter 18689, Special Acts of 1937, which said ordinance established a fund or funds for the relief or pension of persons in the classified or unclassified service of the City of Miami, the then existing law being Chapter 15338, Special Acts of 1931, was repealed and said Act became ineffective and inoperative.

It is next contended that the City of Miami, in the enactment of Ordinance No. 2230, exceeded its charter powers (being Chapter 18689, Special Acts of 1937) by requiring by the terms and conditions of said ordinance that the plaintiff, and others similarly affected, contributed a portion of their salaries received from the city to the fund or funds established by the ordinance, out of which

employees can or may be paid. It is not our construction of the ordinance that the plaintiff is compelled or coerced by the ordinance to contribute to these funds from his salary, but that such contributions, if any, are optional with the employees. He is by the terms of the ordinance made a member by virtue of his employment by the city, but Subsection (b) of Section 3 of the ordinance requires that the employee shall file with the board notice of his election not to be a member of or protected by the system, and the final date of filing the notice by the employee is set out in the ordinance. He is not compelled to become a member or forced to contribute to the pension funds. We fail to find merit in this contention.

It is next contended that the powers granted by the ordinance to the retirement board to make rules and regulations for the administration thereof is a delegation of powers and for this reason the said ordinance is void. The appellant failed and omitted to point out with particularity the rule or rules promulgated by the retirement board that may be *ultra vires*. It is therefore difficult for this reason to pass upon or decide the rule or rules that may exceed the powers of the retirement board to enact under the ordinance. We refrain from ruling on the contention until the question is properly presented. Statutes containing a delegation of powers to make rules and regulations have been before and sustained by this Court on numerous occasions and the ruling is in line with the weight of authority from other jurisdictions. See Mayo v. The Texas Oil Co., 137 Fla. 218, 188 So. 206.

Counsel for appellant contends that the facts, conditions and circumstances surrounding the Commission of the City of Miami at the time of the enactment of Ordinance No. 2230 were legally insufficient to constitute an emergency

under the charter powers of the city. The testimony taken before the chancellor throws but little, if any, light on this question and it has not been made to appear the city commission abused its discretion and in the enactment or adoption of the ordinance acted contrary to law. See State v. Dillon, 75 Fla. 785, 79 So. 29; Metropolis Publishing Co. v. City of Miami, 100 Fla. 784, 129 So. 913.

Careful consideration has been given to the record, briefs of counsel and the authorities cited, and after hearing able oral argument at the bar of this Court, we have failed to find error in the record.

The order or decree appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD, BROWN, BUFORD, THOMAS, and ADAMS, J. J. concur.