51 So.2d 294 (1951)
GLACKMAN
v.
CITY OF MIAMI BEACH.
Supreme Court of Florida, en Banc.
February 23, 1951.
Rehearing Denied April 5, 1951.
*295 Melvin J. Richard, Miami Beach, J. Lewis Hall, Tallahassee, and Halley B. Lewis, Arcadia, for appellant.
Ben Shepard, Miami, for appellee.
THOMAS, Justice.
Three ordinances of the City of Miami Beach need study in order for us to determine the issues in this case: one, numbered 391, dealing generally with the licensing of vendors of intoxicants, and two, numbered 694 and 725, amending it. Their relevant provisions will be apparent as we study the facts.
The appellant had for some time been licensed under the original ordinance to engage in the sale of alcoholic beverages at a designated location in the city; then, in 1946, he sought permission of the municipal authorities to move his business to a new location. Under the first amendatory ordinance it was expressly provided that such a removal could be made with the consent of the city council if the new location was within two hundred feet of the old.
But meanwhile, in 1944, the basic ordinance had been amended by an emergency measure, numbered 725, prohibiting a vendor from selling liquors "* * * in any place of business located within 1,000 feet in an air line, measured from main entrance to main entrance, from another [like] place * * *." Therefore, the permission which the appellant sought could have been authorized under the first amendatory ordinance, but could not under the second because a similar business was already in operation within one thousand feet of his proposed new location.
The appellant sought to remove the obstacle to his plan to change locations by assailing the validity of Ordinance 391 as eventually amended by Ordinance 725, his position being that the latter should be declared arbitrary, unreasonable, and discriminatory and violative of Sections 1 and 12 of our Declaration of Rights, F.S.A. and the Fourteenth Amendment of the Constitution of the United States; and also because the amendatory ordinance was improperly enacted by the city council when it was considered and adopted as an emergency measure instead of taking the course of a regular ordinance.
It should be noted that under Section 561.44, Florida Statutes 1941, and F.S.A., the city was empowered to establish zoning ordinances restricting the locations where stores could be maintained for the sale of intoxicants, and also that in Section 562.45 it was provided that nothing in the beverage act should affect the power of a city to enact ordinances regulating such locations. This power granted to the cities by the legislature was recognized and interpreted by us in State ex rel. First Presbyterian Church of Miami v. Fuller, 136 Fla. 788, 187 So. 148. See also City of Miami v. Kichinko, 156 Fla. 128, 22 So.2d 627.
There is no occasion to elaborate on this power of cities, for the appellant concedes that it exists and cannot be questioned unless it is exercised unreasonably and arbitrarily.
*296 To adopt the appellant's view would be to hold that the last amendatory ordinance is unconstitutional simply because it imposes the additional restriction that a removal to a place within two hundred feet of the first location may not be made unless the new location is more than one thousand feet from another like business; that the restriction of two hundred feet is reasonable but the one of one thousand feet is not. We are unable to follow the reasoning which leads to such a conclusion. Both appear to us reasonable. The appellant could remove his business for two hundred feet in any direction which would not bring it within the proscribed area; and the basic purpose for restricting the distances between businesses of this kind seems well founded in the protection of the health and morals of the general public.
We have not found the ordinance subject to the criticism that it violates either section of the Declaration of Rights or the Fourteenth Amendment of the Constitution of the United States.
This brings us to the question of the enactment of the ordinance as an emergency measure. The ordinance is presumptively valid, and the question of the existence of an emergency at the time of its passage rested in the judgment and discretion of the city council. State ex rel. Swift v. Dillon, 75 Fla. 785, 79 So. 29; Metropolis Publishing Co. v. City of Miami, 100 Fla. 784, 129 So. 913; State ex rel. Skillman v. City of Miami, 101 Fla. 585, 134 So. 541.
We are not aware of any fact or circumstance which could induce us to interfere with this manner of passing the ordinance. On the contrary, it appears from the stipulated facts that circumstances had arisen which empowered the city council to meet them immediately by accelerating the enactment of the ordinance.
Affirmed.
SEBRING, C.J., and TERRELL, CHAPMAN, ADAMS, HOBSON and ROBERTS, JJ., concur.