ROBERTS, Justice.
The issue here is whether a Florida certified public accountant is authorized under the provisions of the Florida Public Accounting Act, Ch. 473, Fla.Stat.1955, F.S.A., to act as the resident partner of a New York accounting firm, none of whose members is licensed to practice public accounting in Florida, and to hold out to the public that such firm is qualified to practice public accounting under the laws of the State of New York. The question arose in a suit for a declaratory decree filed by the plaintiff-appellee against the defendant-appellants, as members of the Florida State Board of Accountancy, and was answered by the Chancellor in the affirmative. The defendants have appealed.
The decision of the lower court was based on the proviso contained in Subsection (3) of Section 473.23 of the Florida Public Accounting Act. Section 473.23 lists fifteen specific actions that constitute a violation of the Act, including in subsection (3) thereof:
“Any person: * * * (3) Who shall, when practicing as a member of a firm, announce either in writing or by printing, or represent verbally, that the firm is practicing as ‘Certified Public Accountants’, unless all members of the firm are holders of valid and unrevoked certificates as certified public accountants issued by the state board of accountancy of this state; provided, that any person holding a certificate in good standing as a certified public accountant or as a public accountant granted by the state board of accountancy of this state, when acting as a representative, partner or manager of an individual or firm, properly qualified to practice public accounting under the laws of a state, or states, other than Florida, may hold out to the public that such individual is or that such individuals are, so qualified; * * * ”.
It is contended on behalf of the defendant State Board of Accounting that the proviso in the above-quoted provision must be read and construed in the light of other provisions of the Act in pari materia therewith; and that, when so read, the proviso relied upon by the plaintiff can only refer to out-of-state firms that come under the “grandfather clause” of Section 473.16, Fla.Stat.1955, F.S.A. This section, as well as Section 473.23, was enacted as a part of Ch. 15637, Acts of 1931, and reads as follows:
“It is unlawful for any person holding a certificate as a certified public accountant * * * to act as the representative, agent or manager, in the State of Florida, in connection with the practice of public accounting, of any person not authorized under the provisions of this chapter to practice public accounting in this state, or of any firm or association of persons, unless each member of such firm or association of persons shall be authorized to practice public accounting in this state under the provisions of -this chapter; provided, that any certified public accountant or firm of certified public accountants residing beyond the limits of the State of Florida, who was or were represented on June 25, 1931, in the State of Florida, by a representative, agent or -manager, shall be permitted to continue to be represented in this state by such representative, agent or manager, but no new or sue- *141 cessor representative, agent or manager in the State of Florida shall he appointed, employed or selected for such certified public accountant or firm of certified public accountants without the approval in writing of the board first being had and obtained.”
Also pertinent here are the provisions of Section 473.17, authorizing the registration of a firm name and the use of the designation “Certified Public Accountants” in connection therewith if every member is a certified public accountant; and Section 473.26, prohibiting a person from practicing accountancy as a member of a firm unless he is a licensed Florida accountant.
By Section 473.16, supra, the Legislature has in clear and unambiguous words made it unlawful for a licensed Florida accountant to act as the “representative, agent or manager” in this state of a non-resident accounting firm unless each member of the firm is licensed under Florida law to practice public accounting. The proviso, or “grandfather clause” of this section was added by the Legislature for the usual purpose, that is, to preserve an existing right or status and not to create a new right or status — in this case, to preserve for non-resident accounting firms having a “representative, agent or manager” in this state at the time of the enactment the right to continue to have such representation, but prohibiting a “new or successor” appointment of a representative by the firm without the written approval of the State Board of Accountancy. See State Board of Accountancy v. Webb, Fla.1951, 51 So.2d 296, 300.
The purpose of Section 473.23(3), supra, is to declare specifically that which is merely implied by other provisions of the Act, that is that it is unlawful for a member of an accounting firm to represent that his firm is a firm of “Certified Public Accountants” unless all members are licensed Florida certified public accountants. And, in our opinion, the only logical and reasonable construction of the proviso of this section is that it is also of the “saving clause” type, enacted for the purpose of protecting the representative in this state— whether a partner, agent or manager — of a non-resident accounting firm in the exercise of the rights preserved for him and for the firm by the “grandfather clause” of Section 473.16, supra.
This must be so because the proviso of Section 473.23(3) applies to a licensed Florida accountant “when acting as a representative, partner or manager■” of a nonresident firm (emphasis added) and authorizes such person to hold out to the public that such non-resident firm is qualified to practice public accounting under the laws of another state; but, as has been noted, under Section 473.16 a non-resident firm whose members are not licensed Florida accountants is prohibited from having a “representative, agent or manager” in this state unless the firm was so represented on June 25, 1931. It is therefore obvious that insofar as a resident “representative” or “manager” of a non-resident firm is concerned, the proviso of Section 473.23(3) could be applicable only to non-resident firms that were entitled to have such representation in this state under the “grandfather clause” of Section 473.16. And it is neither logical nor reasonable to infer that by the proviso in question the Legislature intended to save the rights of non-resident firms and their representatives who come under the “grandfather clause” of Sec. 473.16, and, at the same time and almost in the same breath, to authorize non-resident firms to be represented in this state by a resident partner without regard to whether they were so represented at the time of the enactment. Such a dichotomy, if intended, should be clearly and expressly stated and not left to inference.
The use of the word “partner” in the proviso of Section 473.23(3) instead of the word “agent” used in Section 473.16 does not require a different conclusion, as here contended by the plaintiff-appellee. In Section 473.16 the statute was dealing *142 with the “representatives, agents or managers” of accountants and accounting firms; in Section 473.23(3) the statute was dealing with the members of accounting firms. The difference in the wording of the provisos of these two sections was necessitated by the difference in their context and, in our opinion, does not have the further import here contended for by plaintiff-appellee.
It was, then, error to hold that the plaintiff-appellee was authorized by Sec. 473.23(3) to act as the resident partner of a New York accounting firm whose members are not licensed Florida accountants, and to hold out to the public that such firm is qualified to practice public accounting under the laws of the State of New York.
The plaintiff-appellee raises the point that to construe the statute as we have would be an unreasonable restraint on freedom of contract and unconstitutional, contending that “it is palpably unreasonable to say that appellee, a Florida CPA in good standing, may practice alone, or that he may practice as a member of a firm only if all firm members hold Florida certificates, but that he is barred from practice in Florida if he has a partner residing and practicing outside the State who does not hold a Florida certificate.”
We do not think the statute prohibits a licensed Florida accountant from practicing public accounting in this state in his own name, even though he may have an interest in a non-resident firm of accountants; he is simply prohibited from practicing in this state as a member of such firm and from representing that such firm is practicing as “Certified Public Accountants” unless the members thereof are Florida CPA’s. This does not appear to be unreasonable in view of the fact that the qualifications prescribed for certified public accountants and the administration of such Acts must necessarily vary from state to state. Accordingly, this contention cannot be sustained.
For the reasons stated, the decree appealed from is reversed and the cause remanded for the entry of a decree not inconsistent with the opinions herein expressed.
TERRELL, C. J., and TFIOMAS, THORNAL and O’CONNELL, JJ., concur.
HOBSON and DREW, JJ., not participating.