QUESTION: May a city commission enact all ordinances concerning zoning on an emergency basis, or must the city commission comply with the regular ordinance enactment procedure?
SUMMARY: A city commission must follow the procedure in s.166.041, F.S., when adopting any ordinance, including zoning ordinances, unless subsequent to the effective date of s. 166.041
it has established a more stringent or detailed procedure by municipal ordinance or charter amendment. Although the adoption of an emergency ordinance concerning municipal zoning by a city commission may be justified because of exigent circumstances, it is highly probable that the adoption of all zoning ordinances on an emergency basis would not. As stated in AGO 074-371, s.166.041, F.S., of the Municipal Home Rule Powers Act establishes a uniform procedure for the adoption of municipal ordinances and resolutions which is applicable to, and cannot be lessened or reduced by, any municipality in the state. However, as provided in s. 166.041(6), a municipality may specify, by future ordinance or charter amendment, additional and more stringent requirements for the adoption or enactment of ordinances or resolutions or prescribe procedures in greater detail than contained in s.166.041. Accordingly, the City Commission of the City of Chiefland must follow the procedure contained in s. 166.041 when adopting any ordinance, including a zoning ordinance unless, subsequent to the effective date of s. 166.041, it has established a more stringent or detailed procedure by municipal ordinance or charter amendment. Cf. s. 163.200, F.S., in which it is provided that the procedure for revising, adding to, or amending a comprehensive zoning or other similar plan adopted pursuant to s. 163.190, F.S., shall be the same as the procedure for its original adoption. As to the procedure established by s. 166.041, F.S., the City Commission of the City of Chiefland may, by two-thirds vote, enact an "emergency ordinance" without complying with the requirements of the regular enactment procedure. See s. 166.041(3)(a) and (b). What constitutes an emergency is, of course, a matter for the initial determination of the city commission. See State ex rel. Swift v. Dillon, 79 So. 29 (Fla. 1918); McCall v. State,23 So.2d 492 (Fla. 1945); and Glackman v. City of Miami Beach, 51 So.2d 294
(Fla. 1951). However, such determination is subject to judicial review and may be struck down for unreasonableness. See State ex rel. Cole v. Keller, 176 So. 176 (Fla. 1937); and Fuller v. Garden, 190 So. 442, 444 (Fla. 1939), in which it was stated that an ordinance which directed the city manager to contract with attorneys to conduct certain special litigation for the city could not be adopted as an emergency ordinance because "[t]here is no showing of an emergency or that the health, peace, safety, and property would suffer if the ordinance was permitted to take the regular course."
The latter statement is consistent with the general rule that the purpose of emergency legislation is to enable the legislative body to provide immediate action in order to prevent or remedy a condition or situation which is of such a nature that to postpone such action would result in serious injury or damage to the people, the government, or the community directly concerned. [See] 5 McQuillin Municipal Corporations s. 15.40, p. 124. Applying this general rule to the instant situation, the adoption of an emergency ordinance concerning zoning would be justified in a particular situation only to avoid the serious injury or damage to the municipality which would result if the regular enactment procedure were followed. Cf. State ex rel. Skillman v. City of Miami, 134 So. 541 (Fla. 1931). And it seems clear that the enactment, as a matter of course, of each and every such ordinance as an emergency ordinance would not be justified and, thus, would be unreasonable per se. In sum, therefore, although the adoption of an emergency ordinance concerning municipal zoning by the City Commission of the City of Chiefland would be justified because of unusual and exigent circumstances, it is highly probable that the adoption of all zoning ordinances on an emergency basis would be, per se, unreasonable.