Roger G. Saberson City Attorney Delray Beach
QUESTION:
Is a trustee of the City of Delray Beach's pension plan for policemen and firemen a city officer or employee as those terms are used in the Delray Beach Downtown Development Authority Statute?
SUMMARY:
A trustee of the municipality's pension fund for policemen and firemen may not serve as a member of the downtown development authority under s. 4(c) of Ch. 71-604, Laws of Florida, which prohibits city officers or employees from serving as members of the authority.
According to your letter, the City Council of Delray Beach is interested in appointing a bank president, presently serving on the board of trustees of the city's pension plan for firemen and policemen, to the Delray Beach Downtown Development Authority. The council is concerned as to whether such an appointment would violate the provisions of Ch. 71-604, Laws of Florida, the enabling legislation for the downtown development authority.
The Delray Beach Downtown Development Authority (hereafter the authority) was established as a body corporate and an agency of the city by Ch. 71-604, Laws of Florida, to perform a specific municipal function, i.e., to formulate and recommend long-range plans for the more efficient use of the downtown area and to implement those downtown development plans approved by the city council. See generally s. 6, Ch. 71-604, regarding the functions of the authority. In the performance of these functions, the authority is empowered to, inter alia, enter into contracts, sue and be sued as a body corporate, use a corporate seal, borrow money, and issue and sell revenue certificates. See s. 7, Ch.71-604. Members of the authority are appointed by the City Council of Delray Beach. Section 4(a), Ch. 71-604.
Section 4(c) of Ch. 71-604, states in pertinent part:
 To qualify for appointment to the Authority and to remain qualified for service on it, a prospective member or a member already appointed shall reside in or have his principal place of business in the city, [and] shall not be serving as a city officer or employee . . . . (Emphasis supplied.)
 This opinion is expressly limited as to whether the language contained in the foregoing statutory provision prohibits the appointment of a trustee of the municipal pension plan to the authority. You inquire as to whether a trustee of the board of trustees of the firemen's and policemen's pension trust fund, established pursuant to Chs. 175 and 185, F. S., respectively, is a municipal officer or employee within the purview of s. 4(c), Ch. 71-604, Laws of Florida.
 Chapters 175 and 185, F. S., provide for the establishment of pension trust funds for firemen and policemen, respectively, in each municipality of the state. Sections 175.041 and 185.03, F. S. The funds consist in part of moneys derived from municipal license taxes levied upon fire insurance companies (firemen's pension trust fund) and casualty insurors (policemen's pension trust fund) and other contributions made by the municipalities. See generally, ss. 175.091-175.101 and ss. 185.07-185.08, F. S., regarding the creation and maintenance of these funds. The general administration and responsibility for the proper operation of the pension trust funds are vested in the boards of trustees. See generally, ss. 175.071 and 185.06, F. S. and ss. 19-36(1) and (11) and 19-37, Code of City of Delray Beach, regarding the powers of these boards. See also ss. 175.061
and 185.05, F. S., which statutorily provide for the composition of the board of trustees of the pension funds; s. 19-36(1), Code of City of Delray Beach, provides for a board of nine trustees composed of the mayor, the fire chief, the police chief, two firemen, two policemen, and two members appointed by the city council.
 This office has previously concluded that the boards of trustees of municipal pension trust funds for firemen and policemen, created pursuant to Chs. 175 and 185, F. S., respectively, are municipal boards and agencies of the municipalities and are not autonomous entities. See AGO 074-109. This conclusion is based in part on the consideration that the creation of pension funds is generally considered a part of the compensation for services to the municipality. See generally 62 C.J.S. Municipal Corporations
s. 614; Voorhees v. City of Miami, 199 So. 313 (Fla. 1940); 3 McQuillan Municipal Corporations s. 12.142. See also AGO 074-217 in which I concluded that the board of trustees of the City of Tampa Pension Fund for Firemen and Policemen, created by special law, is a municipal board and therefore must use the services of the city attorney in transacting its business. See 62 C.J.S. Municipal Corporations s. 695(d) which states generally the duties of a city attorney are to render legal services to a municipality and its agencies. It should be noted that in AGO 074-109, I concluded that the apparent legislative grant of authority in ss. 175.291 and 185.29, F. S., by which the board of trustees may determine which actions may be brought by the city attorney in their behalf, did not alter the board's status as a municipal board or agency.
 Therefore, based upon the foregoing, I am of the view that the board of trustees of the City of Delray Beach's pension fund for policemen and firemen is a municipal board and agency; its officers and employees are also officers and employees of the municipality. Thus under the express terms of s. 4(c), Ch. 71-604, Laws of Florida, which prohibits city officers and employees from serving as members of the authority, it appears that the city council may not appoint a trustee of the city's pension plan for policemen and firemen to the City of Delray Beach Downtown Development Authority.
Prepared by: Joslyn Wilson, Assistant Attorney General