156 So.2d 705 (1963)
Vivian P. ALLIGOOD, Appellant,
v.
FLORIDA REAL ESTATE COMMISSION, Appellee.
No. 3503.
District Court of Appeal of Florida. Second District.
October 4, 1963.
J. Thomas Gurney, Orlando, for appellant.
Benjamin T. Shuman, Florida Real Estate Commission, Winter Park, for appellee.
DURDEN, WILLIAM L., Associate Judge.
This Court has heretofore denied appellee's motion to quash this appeal on the ground that the constitutional issues were not raised in the lower court, or, alternatively, to dismiss the appeal for lack of jurisdiction. We will now proceed to determine the case on its merits.
This case involves the interpretation and application of a section of the Real Estate License Law of Florida. The appellant-plaintiff instituted a suit for declaratory decree against the Florida Real Estate Commission contending that her activities as a telephone solicitor did not come within the section of the law that requires certain services which are rendered in connection with the purchase and sale of real estate to be performed only by a registered broker or salesman. A summary judgment adverse to the plaintiff was entered and this appeal followed.
*706 The facts are without material contradiction and were very well set forth in the declaratory decree. They are as follows:
"1. The Plaintiff, Vivian P. Alligood, is employed by Gulf American Land Corporation as a telephone solicitor.
"2. Gulf American Land Corporation is the owner of lands in Collier County, Florida, and is principally engaged in the business of subdividing said lands and offering the same for sale to the public.
"3. The Plaintiff's duties as a telephone solicitor consist of calling persons by telephone and inviting them to visit Naples, Florida, the area of the lands owned by Gulf American Land Corporation. The Plaintiff does not quote price or terms of real property involved and is specifically instructed not to give any pertinent details relative to the land being offered for sale. Upon being asked, Plaintiff will state that the cost of the trip is borne by Gulf American Land Corporation, developers of Golden Gate Estates, which is near Naples, Florida. Having successfully solicited a person, or persons, to visit the area of said lands, the Plaintiff gives the name and address of said person, or persons, to a supervisor. The Plaintiff has no further contact with such persons.
"4. Persons who are solicited by the Plaintiff are transported to the area of the lands owned by Gulf American Land Corporation by personnel in the employ of the corporation and are there exposed to the land sales program of the corporation. While said persons are under no obligation to purchase lands of the company, they are each considered by the company to be prospective purchasers of lands and, in fact, some of said persons do purchase lands from the company. The Plaintiff's duties are an integral part of the company's method of selling its lands.
"5. The Plaintiff is compensated for these services at the rate of $1.15 per hour for the time spent on the job, plus $3.00 for every person, or `buying unit' whom she successfully solicits to visit the area of said lands.
"It is the opinion of the court that the plaintiff, by the performance of these services, is assisting in the procuring of prospects (for the purchase of real property of Gulf American Land Corporation) within the intent and meaning of section 475.01, Florida Statutes [F.S.A.]."
No error has been assigned or argued as to these findings of fact.
Section 475.01(2), Florida Statutes, 1961, F.S.A., provides in part:
"(2) * * * and every person who shall take any part in the procuring of sellers, purchasers, lessors or lessees of the real property, or interests therein, including mineral rights or leases, of another; or who shall direct or assist in the procuring of prospects, or the negotiation or closing of any transaction which does, or is calculated to, result in a sale, exchange, or leasing thereof, and who shall receive, expect, or be promised any compensation or valuable consideration, directly or indirectly therefor; * * * each and every such person shall be deemed and held to be a `real estate broker' or a `real estate salesman,' * * *."
The plaintiff-appellant was not registered as a real estate broker or salesman and the lower court found that her activity was included in these provisions of the law. We must agree and affirm the lower court.
It was the intent of these statutes to define and regulate the real estate brokerage and sales profession. It appears that the legislature intended to encompass a variety of services, which if performed in *707 this state, for another, for compensation, would require licensing. One of such services is the obtaining of prospects for the purchase of real estate.
The purpose of this legislation is to protect the public from being subjected to real estate sales programs by persons not licensed by the commission and therefore perhaps not qualified to perform such services. Perhaps, too, persons not licensed by the commission would not be well versed in the high ethical standards of conduct which the profession, with the aid of the Florida Real Estate Commission, is striving to accomplish.
By virtue of this statute, a person performing particular acts either is, or is not, operating as a real estate broker or salesman and hence subject to the requirement of licensing as such. General statements, or so called "definitions" of real estate brokers or salesmen, or of services generally performed by them have no material degree of control upon the determination of whether or not a person is operating as a broker or salesman. The language of this statute is the controlling and final definition of a real estate broker, or salesman, in this state.
The legislature has seen fit to provide that one who directs or assists in the procuring of prospects for the purchase of real estate shall be registered, or licensed, as a real estate salesman, or broker.
The language which is pertinent to this case is admittedly broad, but it is equally clear and unambiguous. No resort need be made to the general rules of judicial interpretation to understand it. It is plain and simple English and it is the duty of the courts to apply the literal meaning of the language. See 50 Am.Jur., 236, Statutes, Section 241. Also 30 Fla.Jur. 174, Statutes, Section 74. See especially Van Pelt v. Hilliard, 75 Fla. 792, 78 So. 693, L.R.A. 1918E, 639. The problem at hand is, therefore, not to determine the meaning of the statute or interpret it, but to determine whether the appellant was assisting in the procuring of prospects for the purchase of real property.
It appears that each of the essential elements of the statute were involved in the appellant's employment and the pursuit of her duties in such employment.
The "bonus" of $3.00 for each prospect the plaintiff produced is a material factor in this determination. This element takes the job out of the classification of simple clerical employment and indicates the importance of the salesmanship element. True, she makes no direct effort at sales but like the circus "drummer" she gets them in the tent for the show.
The ultimate consideration is that these prospects who are the object of extensive exposure to the sales program at some considerable expense are those determined by the efforts of the plaintiff to be at least interested in the project. She certainly is taking part in the procuring of prospective customers. The specific activities of the appellant constituted the first and very important step in a field of endeavor which lends itself logically to the safeguards of the regulatory measures of the Florida Real Estate Commission. Foulk v. Fla. Real Estate Commission (1959 Fla.App.) 113 So.2d 714; Section 475.01(2), Fla. Statutes, 1961, F.S.A.; 5 Fla.Jur. Brokers, Section 5, Page 26.
The court has also considered the arguments of the appellant that such a statutory provision, if held applicable to her activities would violate her rights under the Constitution of the State of Florida and of the United States. It would serve no useful purpose to deal extensively with those arguments in this opinion but such arguments were considered and determined to be without merit. The statute is lawful and violates no constitutional provision.
The judgment of the trial judge should be and is affirmed.
SMITH, C.J., and ALLEN, J., concur.