## FLORIDA REAL ESTATE COMMISSION v. MATHESON.

No. 71 C 4184.
Circuit Court, Fifteenth Judicial Circuit.
August 15, 1973.

John Huskins, Winter Park, for the plaintiff.

Larry Klein and James Nemec, both of West Palm Beach, for the defendant.

JAMES R. KNOTT, Circuit Judge.

*Final judgment:* Plaintiff seeks in this proceeding to enjoin the defendant from operating a business known as Palm Beach Realty Listing Service without a license from the Florida Real Estate Commission, asserting that the nature of her business subjects her to the requirement of a license as a real estate broker or salesman within the following provision of §475.01(2), Florida Statutes —

> Every person who shall take any part in the procuring of sellers, purchasers, lessors or lessees of the real property . . . of another; or who shall direct or assist in the procuring of prospects . . . and who shall receive, expect or be promised any compensation or valuable consideration, directly or indirectly therefor . . . shall be deemed and held to be a "real estate broker" or a "real estate salesman" . . .

Defendant was for many years executive secretary of the Palm Beach Realty Listing Bureau, Inc., and after it was dissolved in 1970, she began operation of her present business. According to her

testimony by deposition, she operates a listing service for Palm Beach property owners and Palm Beach brokers and their salesmen, in which she takes listings of Palm Beach properties for sale or rent, publishing the same periodically with other information in a bulletin furnished under contract to real estate brokers; each subscriber pays her $350 per year and $50 for each salesman in the broker's office. She testified that her listing "will help them sell it." She also acts as custodian for keys to listed properties so as to make them available for inspection by prospects.

As stated in Alligood v. Florida Real Estate Commission, 156 So.2d 705, in passing upon a related question —

> It appears that the legislature intended to encompass a variety of services, which if performed in this state, for another, for compensation, would require licensing. One of such services is the obtaining of prospects for the purchase of real estate . . .

> By virtue of this statute, a person performing particular acts either is, or is not, operating as a real estate broker or salesman and hence subject to the requirement of licensing as such. General statements, or so called "definitions" of real estate brokers or salesmen, or of services generally performed by them have no material degree of control upon the determination of whether or not a person is operating as a broker or salesman. The language of this statute is the controlling and final definition of a real estate broker, or salesman, in this state.

> The legislature has seen fit to provide that one who directs or assists in the procuring of prospects for the purchase of real estate shall be registered, or licensed, as a real estate salesman, or broker.

> The language which is pertinent to this case is admittedly broad, but it is equally clear and unambiguous. No resort need be made to the general rules of judicial interpretation to understand it. It is plain and simple English and it is the duty of the courts to apply the literal meaning of the language . . . The problem at hand is, therefore, not to determine the meaning of the statute or interpret it, but to determine *whether the appellant was assisting in the procuring of prospects for the purchase of real property.* (Italics added.)

The court held the person involved in the cited case, who by telephone invited people to visit Naples, Florida, where her employer owned lands, to be subject to the provisions of the law requiring a license, although her activity did not come within the duties usually associated with real estate brokers and salesmen.

Defendant offered in evidence letters from a number of leading Palm Beach real estate brokerage firms attesting to her honesty and integrity, as well as the value of her listing service. The court has read these letters to determine their admissibility in evidence and is constrained to comment that the issue presented for decision does

not relate to Mrs. Matheson's good character or integrity, which is not in question, nor does it concern the value of the service which she performs. The Florida Real Estate Commission takes the position that the presence of these factors does not exempt her from the legal requirement of obtaining a license to operate her business; indeed, if good character and the value and importance of the service rendered were a basis for license exemptions, presumably all the members of our business and professional community, including the estimable authors of the letters mentioned, would be exempt from license requirements. The questions is not whether Mrs. Matheson should be allowed to operate her listing service, but whether she must obtain a license.

It is the opinion of the court that by the performance of her service defendant is assisting in the procuring of prospects for the purchase or rental of real property within the intent and meaning of §475.01, Florida Statutes, and is therefore subject to license requirements. There being no material facts in dispute, and it appearing the plaintiff is entitled to judgment, it is therefore ordered and adjudged that plaintiff's motion for summary judgment is granted, and that defendant is hereby enjoined from operating the listing service described in violation of the license requirements of Chapter 475, Florida Statutes.