BOYER, Judge.
By this appeal we are called upon to construe Chapter 73-120, Laws of Florida, carried forward into Florida Statutes 847.-07, 847.08 and 847.09.
Kirkpatrick was charged in the County Court in and for Duval County with violation of certain obscenity ordinances of the Consolidated City of Jacksonville by the sale of two allegedly obscene magazines to an undercover agent, to which charge a motion to dismiss was filed on the grounds that such municipal ordinances were abro *216 gated and therefore unenforceable on or after July 1, 1973, by virtue of Chapter 73-120, Laws of Florida. The motion was denied by the County Judge and trial was set for July 23, 1973. Kirkpatrick thereupon sought a writ of prohibition which was issued by one of the Circuit Judges in and for Duval County. It is from that writ of prohibition that this appeal is taken.
It is unquestioned that Chapter 73-120, became effective July 1, 1973. The thrust of Kirkpatrick’s arguments in the courts below, and now here, is that by virtue of that act, all county and municipal ordinances adopted prior to July 1, 1973 relating to all obscene materials and matters are void and unenforceable. Such was the holding of the Circuit Judge as a basis for the writ of prohibition from whence this appeal is taken.
A careful reading of Chapter 73-120 reveals that Section 1 thereof related to obscene materials, matters and performances. That section was carried forward into Florida Statute 847.07.
Section 2 of Chapter 73-120 relates to obscene materials and is carried forward as Florida Statute 847.08.
However, Section 3 of Chapter 73-120, carried forward as Florida Statute 847.09, specifically limits the application of the act “to the exclusion of counties and municipalities, insofar as it concerns exposing persons over seventeen (17) years of age to harmful motion pictures, exhibitions, shows, representations, and presentations.” Following that limiting clause is found the following sentence:
“To that end, it is hereby declared that every county ordinance and every municipal ordinance adopted prior to July 1, 1973, and relating to said subject shall stand abrogated and unenforceable on and after such date and that no county, municipality or consolidated county-municipal government shall have the power to adopt any ordinance relating to the subject on or after such effective date.” (Emphasis added)
It is clear from a reading of the entire act, and particularly Section 3, that the legislature intended, and by precise terms and clear words did in fact, limit the application of the act, insofar as it related to the abrogation of county or municipal ordinances, to obscene “motion pictures, exhibitions, shows, representations, and presentations.” Section 3 (Florida Statute 847.-09) clearly does not relate to other obscene matters and materials such as magazines and books.
Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning there is no occasion for resort to the rules on statutory 'interpretation. (30 Fla.Jur., Statutes, § 74) Where the words used, and the grammatical construction employed, are clear the legislature is presumed to have meant what it said. That is, when the terms and provisions of the statute are plain, there is no room for judicial or administrative interpretation. (Southeastern Utilities Service Co. v. Redding, Sup.Ct.Fla.1961, 131 So.2d 1; Cassady v. Consolidated Naval Stores Company, Sup.Ct.Fla.1960, 119 So.2d 35)
Kirkpatrick (defendant in the County Judge’s Court and petitioner in the Circuit Court below) urges that the subject act is rendered ambiguous by virtue of its title, and that its title requires that the act be construed as abrogating county and municipal ordinances relating to obscene materials in effect on July 1, 1973 and as prohibiting such ordinances relating to obscene materials thereafter. It is true that the title to the act is broad enough to have justified such a provision in the act had the legislature so elected. However, as above recited and as revealed by the act itself, the legislature did not so elect. Ap- *217 pellee would have this Court construe Chapter 73-120 through the title alone and completely disregard the plain language of the act. The constitutional provision that the subject of an act be embraced in its title was intended to require that the general nature and substance of the contents of the body of a statute he apparent to one who reads the title. (31 Fla.Jur., Statutes, § 46) It is not intended, nor is it necessary, that the title fully express the subject matter of the statute. Were such the requirement the statute would have to be twice stated, first in the title and then in the act itself. The title may be broader than the statute itself. (Foley et al. v. State ex rel. Gordon, Sup.Ct.Fla.1951, 50 So.2d 179) Should the title of the act he given effect rather than the plain and unambiguous words used in the act itself then those portions of the act which are emphasized by us in the parts thereof hereinabove quoted would make no sense at all and he utterly superfluous. It is elementary that a legislative act should be construed, if possible, to give effect and meaning to all of the provisions and terms thereof.
We find therefore that Section 3 of Chapter 73-120, Laws of Florida (Florida Statute 847.09) limits the abrogation and unenforceability of county, municipality or consolidated county-municipal government ordinances only insofar as they concern obscene motion pictures, exhibitions, shows, representations, and presentations; and further that the magazines for the sale of which Kirkpatrick was sought to be tried in the County Court are neither.
The writ of prohibition issued by the Circuit Court in and for Duval County, Florida is therefore reversed and said Court is hereby directed to vacate and set same aside, permitting the trial of the petitioner there, defendant in the County Court.
It is so ordered.
SPECTOR, Acting C. J., and JOHNSON, J., concur.