298 So.2d 544 (1974)
PLAZA Del PRADO CONDOMINIUM ASSOCIATION, INC., Appellant,
v.
The DEL PRADO MANAGEMENT COMPANY, INC., Appellee.
No. 73-1383.
District Court of Appeal of Florida, Third District.
August 13, 1974.
Weissenborn, Burr & Hyman, Miami, for appellant.
Horton & Perse, Miami, Broad & Cassel, Miami Beach, for appellee.
Before PEARSON and HENDRY, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
The appellant, Plaza del Prado Condominium Association, Inc., was the plaintiff in a suit for declaratory judgment wherein it sought the court's approval for its attempted cancellation of a contract with the appellee, The Del Prado Management Company, Inc. Under a contract appellee had rights providing for its management of the condominium, resulting in the trial court entering judgment in appellee's favor holding that under § 711.13(4), Fla. Stat., the existing contract could not be unilaterally cancelled.
*545 On appeal, it is urged that the chancellor incorrectly held the statute inapplicable to the management contract. Upon this issue of mixed law and fact, the trial court decided that the management contract was an effective binding instrument prior to the effective date of the section referred to. It is agreed that unless it can be given retrospective effect, the section became effective on January 1, 1972, and it is further agreed that the contract was dated and executed on December 28, 1971. Appellant urges that a substantial modification of the contract occurred on February 10, 1972 and that this modification was sufficient to bring the entire contract within the scope of the statute.
We agree with the conclusion reached by the trial judge that the substantial rights under the contract of the appellee Management Company accrued prior to the effective date of the statute and therefore that these rights could not be abrogated by legislative enactment. See Trustees of Tufts College v. Triple R Ranch, Inc., Fla. 1973, 275 So.2d 521.
Affirmed.