McNULTY, Chief Judge.
This is an appeal from a ruling that the City of Clearwater’s zoning ordinance No. 1450 is invalid because of improper voting procedures on the part of city council. We disagree with the trial court’s determination and hold that the city properly followed the city code and that the ordinance is therefore valid.
Plaintiff-appellee filed suit against the City of Clearwater to declare void the city’s ordinance annexing and zoning a certain tract of land for professional services. Appellants, Fox, Burton, George and Loeffler, trustees of the subject tract, intervened to defend the validity of the ordinance.
The critical facts are these. The City Commission adopted the ordinance under a required two-step procedure: first, at a public hearing on April 2, 1973, with only four of the five commissioners present, the proposal was submitted and protestors voiced objection. At the end of that hearing, three commissioners voted for approval of the annexation and zoning and one commissioner voted against it. Thereafter, at a second meeting held on May 7, 1973, the resultant ordinance was submitted to the full five-member commission for final adoption and was unanimously passed.
Now the difficulty arises herein because of ambiguities patent in the applicable provisions of the city code. Section 34.07(6) thereof provides for the public hearing aforesaid. Paragraph (d) of that subsection provides:
“The public hearing shall be held and the city commission shall rule upon the proposed [annexation and zoning] at the conclusion of the public hearing:” (Italics ours.)
The next following subsection, § 34.07(7), relating to the eventuality of protests, provides :
“In case . . . of a protest against such [proposal] . . . [it] shall not become effective except by the favorable vote of three-fourths (}i) of the city commission.” (Italics ours.)
Finally, the next succeeding subsection of § 34.07, i. e., subsection (8), provides:
“All proposed changes and amendments to the Zoning Ordinance or the Zoning Map . . . shall be incorporated in an ordinance or the Zoning Map of the City of Clearwater which shall become effective immediately upon its passage.” (Italics ours.)
Unfortunately, the provision relating to a three-fourths vote of the city commission immediately follows, inartfully perhaps, the provision relating to the first step in the proceeding, i. e., the public hearing. Accordingly, the trial judge determined that subsection (7) governed the proceedings at the public hearing and he concluded that “a three-fourths vote of the entire city commission is required for the passage of zoning ordinances at the conclusion of public hearing . . . .” While we think he was correct in concluding that a three-fourths vote of the entire city commission is required for the ultimate passage of such an ordinance, a point we will more fully discuss later, we think he erred in concluding that a three-fourths vote was required at the conclusion of the public hearing, i. e., at the first stage. No matter what happened at that stage, and notwithstanding that subparagraph (d) of § 34.07(6) of the code, supra, provides that the city commission “shall rule” upon the proposed amendment or change “at the conclusion” thereof, such ruling would not be “effective” as an annexation or zoning in any event until it was reduced to ordinance as provided by subsection (8) of § 34.07, supra. The public hearing is obviously required only to air out the matter; and the ruling called for is merely to determine whether the proposed change in zoning should be submitted in ordinance form for final passage or adoption thereof at the second stage of the proceedings. The presence of a mere quorum and three *583 votes are all that is necessary for that purpose.[1]
 We now hold that the three-fourths vote required under § 34.07(7), supra, to make the annexation and zoning proposal “effective” must be of the full city commission. Such was the express holding of our Supreme Court in Streep v. Sample [2] in construing almost identical provisions of the statutes governing the City of Fort Pierce. That case controls on the point; and the ordinance before us, having been unanimously adopted by the full five-member commission, obviously meets the test.
In view whereof, the judgment appealed from should be, and it is hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES, J., and PATTON, ROBERT W., Associate Judge, concur.

. Section 21, Clearwater City Code; cf. Streep v. Sample (Fla.1956), 84 So.2d 586.

. Id.