Mr. Mark Kane Goldstein Mayor-Commissioner, Gainesville City Commission
Mr. Ken McGurn Chairman Gainesville Development Authority
QUESTION:
What is the meaning and scope of the prohibition contained in s.163.367, F.S.?
SUMMARY:
Section 163.367(2), F.S., among other things, requires any public official or employee of a county or municipality, or board or commission thereof, and any commissioner or employee of a community redevelopment agency who presently owns or controls, or who has owned or controlled within the preceding 2 years, any interest, direct or indirect, in any property which he knows is included or planned to be included in a community redevelopment project to immediately disclose this interest in writing to the governing body of the county or municipality. Such disclosure shall be entered into the minutes of the governing body, and such person shall not participate in any action of the county or municipality, or board or commission thereof, or community redevelopment agency affecting such property.
You state in your letter that the City of Gainesville is considering creating a community redevelopment agency pursuant to part III of ch. 163, F.S., in order to eliminate and prevent the spread of urban blight, and to encourage needed community rehabilitation in the City of Gainesville. Certain persons who possibly could be appointed as commissioners of the Gainesville Community Redevelopment Agency presently own or control interests in properties which would be included in the redevelopment project. Thus, questions have arisen as to the ability of such prospective commissioners to participate in any official actions of the board of commissioners of the community redevelopment agency affecting the subject community redevelopment project or property included therein.
Section 163.367(1), F.S., provides that no public official or employee of the municipality, or board or commission thereof, and no commissioner or employee of a community redevelopment agency shall voluntarily or involuntarily acquire any personal interest, direct or indirect, in any redevelopment project or in any property included or planned to be included in any such project.
Section 163.367(2), F.S., clearly provides:
 In the event of involuntary acquisition, the interest acquired shall be immediately disclosed in writing to the governing body . . . . If any such official, commissioner, or employee presently owns or controls, or owned or controlled within the preceding 2 years, any interest, direct or indirect, in any property which he knows is included or planned to be included in a community redevelopment project, he shall immediately disclose this fact in writing to the governing body, and such disclosure shall be entered upon the minutes of the governing body, and any such official, commissioner, or employee shall not participate in any action
by the county or municipality, or board or commission thereof, or community redevelopment agency affecting such property. Any disclosure required to be made by this section to the governing body shall concurrently be made to a community redevelopment agency which has been vested with community redevelopment powers by the county or municipality pursuant to the provisions of s. 163.356 or s. 163.357. (Emphasis supplied.)
Subsection (3) of s. 163.367, F.S., prohibits any commissioner or other officer of a community redevelopment agency from holding any other public office under the county or municipality other than his office with the community redevelopment agency. Subsection (4) of s. 163.367, F.S., makes any violation of the provisions of s.163.367, F.S., misconduct in office.
This statute is clear and requires no interpretation or statutory construction. When the terms and provisions of a statute are plain, there is no room for judicial or administrative interpretation. See Leigh v. State ex rel. Kirkpatrick,298 So.2d 215 (1 D.C.A. Fla., 1974). Effect must be given to the plain language of the statute. See Voorhees v. City of Miami,199 So. 313 (Fla. 1940); Alligood v. Florida Real Estate Commission,156 So.2d 705 (2 D.C.A. Fla., 1963). See also Reino v. State,352 So.2d 853 (Fla. 1977); Thayer v. State, 335 So.2d 815 (Fla. 1976); Maryland Casualty Co. v. Sutherland, 169 So. 679 (Fla. 1936); A. R. Douglass, Inc. v. McRainey, 137 So. 157 (Fla. 1931).
This office is without authority to qualify or read into this statute an interpretation or define words in the statute in such a manner which would result in a construction that seems more equitable under circumstances presented by a particular factual situation; such construction when the language of a statute is clear would in effect be an act of legislation which is exclusively the prerogative of the Legislature. Cf. Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974).
Prepared by: Craig Willis, Assistant Attorney General