Mr. Charles C. Chillingworth Attorney for South Indian River Water Control District
QUESTION:
May the board of supervisors disregard a limitation on its spending and taxing power contained in a special act of the legislature when the language limiting its power was allegedly inadvertently added or changed at some time during the bill drafting process?
SUMMARY:
Chapter 80-575, Laws of Florida, is the official or primary evidence of such law as enacted by the Legislature. It specifically provides, pursuant to s. 6 of said statute law, that the Board of Supervisors is authorized, empowered and permitted to expend funds and levy special assessments not in excess of $8 per acre per year for a period not in excess of 2 years from the act's effective date to pay for the construction, maintenance, improvement and repair of dedicated roads and road rights-of-way; and unless amended by the Legislature or declared to be an illegally enacted and invalid law by the courts, ch. 80-575, Laws of Florida, is presumptively valid and is prima facie evidence of the law. As such, the Board of Supervisors must give effect to and comply with the statute as enacted, and the Board may not disregard any language in the law in reliance on some assumed contrary legislative intent; the Board possesses only such spending and taxing power as conferred upon it by its enabling legislation, as amended.
During the past legislative session, ch. 80-575, Laws of Florida, a special act, was passed for the South Indian Water Control District which amended and modified ch. 71-820, Laws of Florida, as amended by ch. 78-582, Laws of Florida. You contend that apparently through inadvertence when the bill went through the bill drafting staff for the last time, 2 lines of type previously stricken through or deleted in the original draft of the bill were left untouched and were thus enacted into law. You state that the undeleted words in question, if read literally and given full force and effect, would prohibit any taxation or expenditure of funds by the district in excess of $8 per acre per year for a period of 2 years for the construction, maintenance, improvement and repair of roads. You therefore request my opinion as to whether the Board of Supervisors may disregard the `erroneous' limitation on taxation (levying of special assessments) and `rely upon the intent of the Legislature' in levying taxes or assessments for the current year. Your question is answered in the negative.
Initially, I must emphasize that this office is without the requisite authority to determine the validity of the enactment of ch. 80-575, Laws of Florida, or to alter or strike from this statute any language or provision. Cf. Chaffee v. Miami Transfer Company, Inc., 288 So.2d 209 (Fla. 1974). When the terms and provisions of a statute are plain, there is no room for judicial or administrative interpretation, Leigh v. State ex rel. Kirkpatrick, 298 So.2d 215 (1 D.C.A. Fla., 1974); and effect must be given to the plain language of the statute. Voorhees v. City of Miami, 199 So. 313 (Fla. 1940); Alligood v. Florida Real Estate Commission, 156 So.2d 705 (2 D.C.A. Fla., 1963); Thayer v. State,335 So.2d 815 (Fla. 1976). It is a settled rule in this and other jurisdictions that a statute found on the statute books must be given effect and obeyed by the public officers charged with its administration and execution or enforcement until the statute is judicially declared invalid. See, e.g., State ex rel. Atlantic Coast Line R. Co. v. State Board of Equalizers, 94 So. 681 (Fla. 1922); State v. Thursby, 139 So. 372 (Fla. 1932); White v. Crandon, 156 So. 303 (Fla. 1934); Evans v. Hillsborough County,186 So. 193 (Fla. 1938); Pickerill v. Schott, 55 So.2d 716 (Fla. 1951). The power to amend is vested exclusively in the Legislature. Section 1, Art. III, State Const.; State v. Duval County, 79 So. 692 (Fla. 1918); Atlantic Coast Line R. Co. v. Mack, 57 So.2d 447 (Fla. 1952); Hill v. Morris, 85 So.2d 847 (Fla. 1956); and Foley v. State, 50 So.2d 179 (Fla. 1951). See also 82 C.J.S. Statutes s. 243, p. 412. The power to determine and declare ch. 80-575, Laws of Florida, to be an illegally enacted and invalid law belongs exclusively to the judiciary. Section 1, Art. V, State Const.; State v. Atlantic Coast Line R. Co., 47 So. 969
(Fla. 1908); Barr v. Watts, 70 So.2d 347 (Fla. 1953); and Atlantic Coast Line R. Co. v. Board of Equalizers, supra; see also 82 C.J.S. Statutes s. 76, p. 133.
Acts of the Legislature are prima facie valid and authoritative laws but the journals of the houses that enacted them may be resorted to to ascertain whether the mandatory requirements of the Constitution have been complied with by the Legislature in their enactment. If such journals show explicitly, clearly, and affirmatively that any essential constitutional requirement has not been complied with, or if they fail to show any essential step in the progress of enactment that the Constitution expressly requires them to show, then such journals would prevail as evidence, and the enrolled bill, as evidence of law, would have to fail. State ex rel. Buford v. Carley, 104 So. 577 (Fla. 1925); State ex rel. Board of Commissioners of Indian River Mosquito Control District v. Helseth, 140 So. 655 (Fla. 1932).
I have examined the legislative journals of both houses of the Legislature and found no evidence or indication that any essential constitutional requirement applicable to the enactment of ch. 80-575, supra, was not complied with by the Legislature. This is not the case of a so-called spurious bill or spurious section of a bill, i.e., a bill or an amendment thereof not actually and properly passed by each house of the Legislature, Cf., e.g., Stateex rel. Boyd v. Deal, 4 So. 899 (Fla. 1888); State ex rel. Attorney General v. Green, 18 So. 334 (Fla. 1895); Volusia County v. State, 125 So. 375 (Fla. 1929).
The burden is on the one asserting that a statute was not legally enacted to show it by the legislative journals. State v. Carley,104 So. 577 (Fla. 1925). Upon my examination of the legislative journals, I find that the invalidity of the enactment of the act or in the progress of its enactment is not shown by the journals which alone could prove the act to be invalid because not duly enacted by the Legislature. It thus follows that the bill enacted by the Legislature is the law and compliance therewith is required until the law is declared invalid by the courts or amended by the Legislature. You ask whether the Board of Supervisors may disregard the words `not in excess of $8 per acre per year for a period not in excess of 2 years for [sic] the effective date hereof' contained in the statutes `and rely upon the intent of the Legislature in levying taxes for the current year.' The law clearly requires that the legislative intent be determined primarily from the language of the statute because a statute is to be taken, construed, and applied in the form enacted. The reason for this rule is that the Legislature must be assumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute. Thayer v. State, 335 So.2d 815
(Fla. 1976); Vocelle v. Knight Bros. Paper Co., 118 So.2d 664 (1 D.C.A. Fla., 1960); Van Pelt v. Hilliard, 78 So. 693 (Fla. 1918). Even a court could not tell you to simply disregard the clear language of the statute in reliance on some belief or assumed legislative intent as the courts are obligated to give meaning and effect to all words chosen by the Legislature in enacting a statute. Atlantic Coast Line R. Co. v. Boyd, 102 So.2d 709 (Fla. 1958); Snively Groves, Inc. v. Mayo, 184 So. 839 (Fla. 1938). I note that during the last 2 years, the district had the same limitation on its spending power for the improvement of dedicated roads and road rights-of-way, ch. 78-582, Laws of Florida. As far as being inconsistent with the assumed legislative intent or the recollection of yourself and others as to that intent, I state once again that the Legislature is presumed to know the meaning of words and to have expressed its intent by the use of the words found in the statute. The Legislature is presumed to have meant what it said, Leigh v. State ex rel. Kirkpatrick, supra, and the plain language employed by it itself fixes the legislative intent. Platt v. Lanier, 127 So.2d 912 (2 D.C.A. Fla., 1961). When the meaning of a statute is clear, its consequences, if evil, can only be avoided by a change of the law itself by the Legislature and not by judicial construction. Curry v. Lehman, 47 So. 18 (Fla. 1908).
Prepared by: Linda Lettera, Assistant Attorney General