The Honorable Chester F. Blakemore Executive Director, Department of Highway Safety and Motor Vehicles
QUESTIONS:
1. Are the provisions of ss. 320.27(10)(c), 320.77(14)(d) and320.8225(5)(f), F.S. (1980 Supp.), requiring surety companies to give written notice of the cancellation of a bond issued to licensees licensed under those statutes together with reasons for said cancellation conditions precedent to the effectiveness of a purported cancellation?
2. Is it necessary in order to implement the provisions of the statutes identified above to incorporate the language thereof in the bond contracts themselves, or do the statutes automatically become part of existing and future bond documents by operation of law?
2. Sections 320.27(10)(c), 320.77(14)(d) and 320.8225(5)(f), F.S. (1980 Supp.), do not require the prescribed notification procedure to be made a part of or to be recited in any surety bond or contract of suretyship entered into by a surety company and its principals/licensees, and such incorporation or recitation is not necessary to implement the provisions of these statutes.
SUMMARY:
1. The provisions of ss. 320.27(10)(c), 320.77(14)(d) and320.8225(5)(f), F.S. (1980 Supp.), which require a surety company which cancels a surety bond of a licensed dealer or manufacturer or terminates its liability as surety thereunder to give the Department of Highway Safety and Motor Vehicles written notification thereof and the reason therefor, do not require such surety to give the Department of Highway Safety and Motor Vehicles such written notification prior to the cancellation of or the termination of its liability as surety under any such surety bond or contract, and do not make the giving of such written notification a condition precedent to the legal effectiveness of any such cancellation or termination of liability as surety.
Pursuant to the provisions of ss. 2, 8 and 9, ch. 80-217 Laws of Florida, codified as ss. 320.27(10), 320.77(14), 320.8225(5) F.S. (1980 Supp.), motor vehicle dealers, dealers in mobile home and recreational vehicles and manufacturers of mobile homes and recreational vehicles who are required to be licensed by the department under the provisions of ss. 320.27(2), 320.77(2) and320.8225(1), F.S. (1980 Supp.), are required to post surety bonds. Such surety bonds shall be to the department and in favor of designated retail and wholesale customers and conditioned upon the several licensees' compliance with several conditions specified in ss. 320.27(10), 320.77(14)(a), and 320.8225(5), respectively. Sections 320.27(10)(c), 320.77(14)(d) and 320.8225(5)(f), require that `any surety company which cancels the bond of any licensee shall notify the department, in writing, of such cancellation, giving reason for the cancellation.'
AS TO QUESTION 1:
Your initial question is whether the above mentioned notice which is required to be given to the department of any such cancellation is a condition precedent to the legal effectiveness `of a purported cancellation' of any such surety bonds. Implicit in this question is the issue of whether the furnishing of the required written notification to the department is a condition precedent to the cancellation by the surety company of any of the surety bonds or undertakings in question under which such surety company has contractually assumed the responsibility of a surety on such surety bonds. Sections 320.27(10)(c), 320.77(14)(d) and320.8225(5)(f), F.S. (1980 Supp.), are devoid of any requirement that a surety company first furnish the department written notice of any intended or proposed cancellation of any of that company's contractual undertakings as a surety for any of the designated licensees or dealers and manufacturers. The language employed in each of the last cited subsections and paragraphs patently contemplates notification of cancellation, i.e., that the surety company has in fact cancelled the bond of a licensee and its reason for the thing already accomplished or done. Simply stated, a surety company which has terminated its liability as surety in accordance with and pursuant to the terms of its contract of suretyship with its principal/licensee is, by the terms of the aforecited statutory provisions, required to notify the department in writing of such termination of liability and give the department its reason for such termination of liability as surety. Where the language of a statute is clear the legislature is presumed to have meant what it said, and the statute must be given its plain meaning. See, e.g., Maryland Casualty Co. v. Sutherland,169 So. 679 (Fla. 1936); Alligood v. Florida Real Estate Commission, 156 So.2d 705 (2 D.C.A. Fla., 1963); Leigh v. State exrel. Kirkpatrick, 298 So.2d 215 (1 D.C.A. Fla., 1974); Thayer v. State, 335 So.2d 815 (Fla. 1976). Moreover, the propriety and the legal effectiveness of the cancellation or termination of liability as surety by a surety company pursuant to the terms of its surety contract with a particular licensee is a judicial question which must be determined by the courts in appropriate legal proceedings. Such determinations are without the scope of the authority of this office or the Department of Highway Safety and Motor Vehicles. Therefore, I conclude that the provisions of ss. 320.27(10)(c), 320.77(14)(d) and 320.8225(5)(f), F.S. (1980 Supp.), which require a surety company which cancels a surety bond of a licensed dealer or manufacturer or terminates its liability as surety thereunder to give the Department of Highway Safety and Motor Vehicles written notification of such cancellation or termination of liability as surety and the reason therefor, do not provide for or require that a surety company give the department such written notification prior to the cancellation of or the termination of its liability as surety under such surety bond or contract; neither do these statutory provisions make the giving of the statutorily prescribed notice a condition precedent to the legal effectiveness of any such cancellation or termination of liability as surety.
AS TO QUESTION 2:
As to your second question, it is established law that the Constitution and laws of the State of Florida are a part of every Florida contract. See Board of Public Instruction v. Town of Bay Harbor Islands, 81 So.2d 637 (Fla. 1955). It is presumed that the valid laws existing at the time and place of making a contract enter into and become a part of that contract as if they were expressly referred to or incorporated therein including those laws which effect its construction, validity, enforcement or discharge.See Wright v. Board of Public Instruction, 48 So.2d 912 (Fla. 1950); General Development Corporation v. Catlin, 139 So.2d 901 (3 D.C.A. Fla., 1962). Furthermore, while the law in force and applicable at the time of entering into the contract is made a part of the contract, a statute which takes effect after the time the contract is entered into cannot ordinarily, in the absence of overriding public necessity, affect the terms of the contract between the parties. See Plaza Del Prado Condominium Association v. Del Prado Management Company, 298 So.2d 544 (3 D.C.A. Fla., 1974). See generally, 11 Fla. Jur.2d Contracts ss. 129-130.
In light of the foregoing, to the extent that the notification requirements of ss. 320.27(10)(c), 320.77(14)(d) and320.8225(5)(f), F.S. (1980 Supp.), are not considered to be a material provision of contracts between licensees and sureties existing prior to the enactment of such statutes but rather as additional duties or obligations placed upon surety companies by Florida law, it would appear that the notification requirements contained therein not be considered as infringements upon the terms of existing contracts since such obligations would be merely an additional state imposed regulation placed upon the surety companies and therefore must be complied with independently of whatever covenants are contained in existing or future contracts between licensees and surety companies. However, I find nothing in the language of the cited statutory provisions that requires the prescribed written notification procedure to be made a part of or to be recited in any surety bond or contract of suretyship entered into between a surety company and its principals/licensees; neither is such incorporation or recitation necessary to implement the aforecited statutes.
Prepared by: John J. Rimes, III, Assistant Attorney General