Ms. Harriet M. Wilson Chairman District Board of Trustees Tallahassee Community College 444 Appleyard Drive Tallahassee, Florida 32301-8170
Dear Ms. Wilson:
This is in response to your request for an opinion on substantially the following question:
 IS THE BOARD OF TRUSTEES OF A COMMUNITY COLLEGE DISTRICT AUTHORIZED TO PROVIDE AN EMPLOYEE OTHER THAN THE COLLEGE PRESIDENT WITH THE USE OF A VEHICLE?
You state in your letter that the Office of the Auditor General of the state has requested that you seek an opinion of this office regarding the authority of the board of trustees to provide the use of a vehicle to an employee other than the college president when the employee is responsible for payment of the operating costs. The question involves an employment contract wherein the employee is furnished an automobile for the period of his employment (6 months) with the employee providing for his own operating costs, except for insurance and maintenance which is provided at the expense of the board of trustees. You further state that the contract was entered into by the parties in final and complete settlement of pending and threatened litigation and administrative proceedings brought by the employee against the board of trustees. This office of course cannot pass on the validity or legal efficacy of an existing contract or any settlement of pending or threatened litigation. Therefore, this opinion is expressly limited to the facial statutory authority of the board of trustees to provide vehicles for the use of college employees other than the president pursuant to s 240.319(3)(n), F.S. (1982 Supp.).
Section 240.319, F.S. (1982 Supp.), sets forth the powers, duties and responsibilities of the boards of trustees of the community college districts in the operation of their respective community colleges. Paragraph (n) of subsection (3), s 240.319, F.S. (1982 Supp.), concerning the powers and responsibilities of the community college district boards of trustees relevant to the employment and compensation of college personnel provides: "Each board of trustees shall provide for the appointment, employment, and removal of personnel, including the president of the community college, and the compensation, including salaries and fringe benefits, and other conditions of employment for such personnel." (e.s.) This provision brought into the statutes by Ch. 79-222, Laws of Florida, delegates to the several boards of trustees the authority to grant fringe benefits to college personnel which could include the use of a vehicle for business as well as personal use. The statute does not define the term "fringe benefits" or qualify or limit the extent thereof or make manifest any special or technical usage of the term.
Thus, the answer to your inquiry is supplied by an application of the term "fringe benefits" to the instant situation. If providing a vehicle to community college personnel falls within the facial purview of the term "fringe benefits" as used in the statute, then s 240.319(3)(n), F.S. (1982 Supp.), empowers the board of trustees to do so. Where words used in a statute by the Legislature are clear and unambiguous, resort to incidental rules of statutory construction is unnecessary to effectuate the expressed legislative intent. Reino v. State, 352 So.2d 853 (Fla. 1977); Alligood v. Florida Real Estate Commission, 156 So.2d 705 (2 D.C.A. Fla., 1963); Van Pelt v. Hilliard, 78 So. 693 (Fla. 1918). The use by the Legislature of a broad and comprehensive term, such as "fringe benefits," indicates a legislative intent to include everything embraced within the generality of the term. See, 30 Fla. Jur. Statutes s 81; Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958); State v. City of Jacksonville, 50 So.2d 532 (Fla. 1951); Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943); see also, 73 Am. Jur.2d Statutes s 199. When a statute does not specifically define words of common usage such words are construed in their plain and ordinary sense. Milazzo v. State,377 So.2d 1161 (Fla. 1979); Tatzel v. State, 356 So.2d 787 (Fla. 1978). Thus, since no legislative definition has been supplied nor is there any manifested legislative intent to qualify or restrict the meaning of the term "fringe benefits," this term should be construed in its plain and ordinary sense. The American Heritage Dictionary of the English Language 528 (1979) defines "fringe benefit" as "[a]n employment benefit given in addition to one's wages or salary." Webster's New Collegiate Dictionary 461 (1975) defines the term to mean "an employment benefit (as a pension, a paid holiday, or health insurance) granted by an employer that involves a money cost without affecting basic wage rates." See generally, 10 C.J.S. Benefit s 338. Thus, a fringe benefit, in its plain and ordinary sense, is a benefit provided an employee in addition to or beyond the employees fixed or regular salary or wages. See, AGO 83-11 concluding that the board of trustees of a community college is authorized to provide the use of a college-owned or leased automobile to an employee of the community college other than the president as a "fringe benefit" pursuant to s 240.319(3)(n), F.S. (1982 Supp.). The determination of the extent and nature or kind and form of such employment benefits must be made by the community college district boards of trustees, since the Legislature delegated to such boards the power to provide for the employment and compensation, including fringe benefits, for their employees. This office is without authority to make such legislative determination or to write any qualifications or restrictions into the statute.
It is therefore, my opinion until judicially determined otherwise that the Board of Trustees of the Tallahassee Community College is authorized to provide the use of a college-owned vehicle to an employee of the college other than the president as a "fringe benefit" pursuant to s 240.319(3)(n), F.S. (1982 Supp.).
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General