Mr. Peter Langley, III Attorney Town of Yankeetown Post Office Box 280 Yankeetown, Florida 32698
Dear Mr. Langley:
This is in response to your request for an opinion on substantially the following question:
 DOES THE PROVISION OF s 163.230, F.S., REQUIRING THE CONCURRING VOTE OF A MAJORITY OF ALL THE MEMBERS OF A BOARD OF ADJUSTMENT TO TAKE CERTAIN ACTION, REQUIRE THE PRESENCE AND VOTE OF ALL MEMBERS OF THE BOARD AT A MEETING BEFORE SUCH ACTION CAN BE TAKEN?
The board of adjustment referred to in s 163.230, F.S., may consist of not less than 5 nor more than 10 members, appointed by the municipality's governing body. Section 163.220, F.S.
Section 163.230, F.S., in relevant part, provides:
 The concurring vote of a majority of all the members of the board shall be necessary to reverse any order, requirement, decision, or determination of any such administrative official or to decide in favor of the applicant on any matter upon which the board is required to pass . . . . (e.s.)
Compare, former ss 176.09, F.S. 1971 (the board of adjustment shall consist of five members) and 176.15, F.S. 1971 (concurring vote of four members of the board necessary to reverse any order, requirement, decision or determination of an administrative official, or to decide in favor of an applicant on any matter which the board is required to pass under the ordinance, or to effect any variation in such ordinance).
Section 163.230, F.S., plainly requires a concurring vote of a majority of "all the members of the board" (e.s.) of adjustment to effect the prescribed actions and determinations. Giving effect to the plain language of the statute, the vote required of a five member board would be three concurring votes, and at least three members of the board would have to be present and voting at the hearing at which action is taken; for a 10 member board, six concurring votes would be required and at least six members of the board would be required to be present and voting at the hearing. Compare, AGO 57-138 concluding, inter alia, that a three-fifths vote "of the membership of both houses" of the Legislature required the joint action of the membership of both houses, i.e., all the members elected to each house, and required a vote of the membership and not a vote by a quorum; and that a two-thirds vote "of the members of [a] house" meant two-thirds of the entire membership and not two-thirds of those present at the session. Where a statute contains plain and simple English, its literal meaning should be applied or given effect. State v. Egan,287 So.2d 1, 4 (Fla. 1973); Alligood v. Florida Real Estate Commission, 156 So.2d 705, 707 (2 D.C.A.Fla., 1963); Tropical Coach Line, Inc. v. Carter, 121 So.2d 779, 782 (Fla. 1960).
Similar terms, "the favorable vote of three-fourths of the governing body," contained in former s 176.06, F.S. 1971 and "by the favorable vote of three-fourths of the city commission" contained in a municipal ordinance have been construed by the courts, for the purposes of such statute or ordinance, to require the affirmative vote by three-fourths of all members of such bodies rather than a mere three-fourths vote of a quorum of such bodies. Streep v. Sample, 84 So.2d 586, 588 (Fla. 1956); Fox v. Fratello, 308 So.2d 581, 583 (2 D.C.A.Fla., 1975); see also, Banana River Properties v. City of Cocoa Beach, 287 So.2d 377,380-381 (4 D.C.A.Fla., 1973).
It therefore is my opinion that the terms of s 163.230, F.S., requiring the concurring vote of a majority of all the members of a municipal board of adjustment to take action as prescribed therein, requires the affirmative vote by, and the actual presence of, at least a majority of all the members of such body at the hearing, rather than a majority vote of a quorum of such body or of the members present at the hearing. However, the presence of the entire membership of such body is not required in order for the board to take action as provided in such statute.
Sincerely,
Jim Smith, Attorney General
Prepared by: Jason Vail, Assistant Attorney General