CAMPBELL, Judge.
Appellant, Global Resorts, Inc., appeals a final judgment awarding appellee, Leedco Enterprises, $34,400.93 on a breach of contract claim. The final judgment also found against appellant in regard to its cross-claim against appellee, Famille, Inc., which finding appellant also appeals. Appellee Leedco Enterprises has not appeared or responded in this appeal. We reverse the final judgment in favor of appellee Leedco and, because we do, we find the appeal on the cross-claim against appellee Famille moot and, therefore, affirm in regard to that cross-claim.
This action arose out of an oral contract whereby Leedco was to solicit prospective purchasers of time-share condominium units which Global had by written contract with Famille, the owner, agreed to market and sell.
Global denied the existence of the oral contract with Leedco, and alleged, as an affirmative defense to Leedco’s action, that Leedco acted as a “broker” within the meaning of section 475.01(l)(c), Florida Statutes (1983). Global argues that since Leedco had not obtained a real estate broker’s license, the alleged oral contract was unenforceable pursuant to section 475.41, Florida Statutes (1983).
That issue has previously been determined in favor of Global’s position by the decision of this court in Alligood v. Florida Real Estate Commission, 156 So.2d 705 (Fla. 2d DCA 1963).
While this court in Alligood interpreted section 475.01(2), Florida Statutes (1961), a predecessor to section 475.01(2), (l)(c), defining a real estate broker, there is essentially no difference, for the purpose of this appeal, in the applicable language in the two statutes. That being the case, the Alligood decision is controlling precedent in this case and, on its authority, we reverse the final judgment as it granted judgment to Leedco against Global in the amount of $34,400.93.
DANAHY, A.C.J., and FRANK, J., concur.