Mr. Burt L. Saunders Collier County Attorney Collier County Courthouse Building F Naples, Florida 33962-4976
Dear Mr. Saunders:
This is in response to your request for an opinion on substantially the following question:
 MAY COLLIER COUNTY ENACT AN ORDINANCE PROSCRIBING THE DISSEMINATION OF OBSCENE MATERIAL ON CABLE TELEVISION WITH PENALTIES FOR VIOLATION OF SUCH AN ORDINANCE INCLUDING THE REVOCATION OF THE CABLE COMPANY'S FRANCHISE TO SERVE?
Your question is raised in view of the following provisions of s.847.09(1), F.S.
 In order to make the application and enforcement of ss. 847.07-847.09 uniform throughout the state, it is the intent of the Legislature to preempt the field, to the exclusion of counties and municipalities, insofar as it concerns exposing persons over 17 years of age to harmful motion pictures, exhibitions, shows, representations, and presentations. To that end . . . no county, municipality, or consolidated county-municipal government shall have the power to adopt any ordinance relating to the subject on or after [July 1, 1973]. (e.s.)
And see, s. 847.013(4), F.S. (state preemption of same field with respect to minors, as defined in s. 847.013[1][a], F.S., to mean "any person under the age of 18 years"). This office has previously concluded in an opinion addressed "to the authority of municipalities and counties to regulate in the area of obscenity" that s. 847.013(4), F.S., and Ch. 73-120, Laws of Florida (ss.847.07-847.09, F.S.) operate to preempt to the state the area of anti-obscenity legislation and that, pursuant to these statutes, "local government has to rely on state laws in the area of obscenity." Attorney General Opinion 73-237. Cf., Leigh v. State ex rel. Kirkpatrick, 298 So.2d 215 (1 D.C.A. Fla., 1974); City of Miami Springs v. J.J.T., Inc., 437 So.2d 200, 204-05 n. 3 (3 D.C.A.Fla., 1983).
Since a county ordinance proscription on the dissemination of obscene material on cable television clearly appears to relate to the subject of exposing persons over 17 years of age and minors to harmful motion pictures, exhibitions, shows, representations, and presentations, I am of the view that ss. 847.013(4) and 847.09(1), F.S., operate to preclude Collier County from enacting such an ordinance. An examination of the legislative history of Ch. 73-120, Laws of Florida, creating ss. 847.07-847.09, F.S., indicates that the preemption provision was aimed primarily at ensuring that theater owners and operators would not be prosecuted under varying standards of obscenity in different local government jurisdictions in the state. However, the plain language of the statute appears to compel the conclusion that a local government cannot enact an ordinance proscribing the dissemination of obscene material on cable television. See, Thayer v. State, 335 So.2d 815
(Fla. 1976) (plain language of statute determinative of legislative intent). Cf., 47 U.S.C. § 544, as enacted by the Cable Communications Policy Act of 1984, providing in subsection (a) thereof that a "franchising authority may not regulate the services . . . provided by a cable operator except to the extent consistent with this title," and further providing in subsection (d)(1) that "[n]othing in this title shall be construed as prohibiting a franchising authority and a cable operator from specifying, in a franchise or renewal thereof, that certain cable services shall not be provided or shall be provided subject to conditions, if such cable services are obscene or are otherwise unprotected by the Constitution of the United States." And cf.,47 U.S.C. § 558, which specifies that the Cable Communications Policy Act does not affect "the criminal or civil liability of cable programmers or cable operators pursuant to the Federal, State, or local law of . . . obscenity . . ." (e.s.) except with respect to certain mandatory local access channels provided under s. 612 of the act; Community Television of Utah v. Wilkinson,611 F. Supp. 1099 (D.Utah, 1985), holding that the Cable Communications Policy Act of 1984 explicitly preserves state power to regulate obscenity.
In sum, then, and unless and until legislatively or judicially determined otherwise, it is my opinion that Collier County cannot enact an ordinance proscribing the dissemination of obscene material on cable television in view of the state preemption of the field in ss. 847.013(4) and 847.09, F.S.,
Sincerely,
Jim Smith Attorney General
Prepared by:
Kent L. Weissinger Assistant Attorney General